WESTERN DIST.
*August*, 1834.

LOPEZ ET ALS. *vs.* BERGEL.

LOPEZ ET ALS.
*vs.*
BERGEL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

When the defendant suffers judgment by default, to be taken against him, it is a presumption, that by his silence, he acknowledges the justice of the plaintiffs' demand.

Where the defendant does not deny the plaintiffs' debt, but lets judgment go by default, this fact will be considered as a corroborating circumstance, which taken with the testimony of one witness, is sufficient proof of the demand, to make such judgment final.

The omission of the defendant, to deny the plaintiffs' capacity to sue, waives the right to do so, and dispenses him from the necessity of proving it, even when the demand is denied. The same consequence should follow, when there is a legal presumption of its justice being confessed.

The defendant's acknowledgment, and promise to pay his note, before and after the lapse of *five* years from the time it became due, and before suit is brought, will take the case out of prescription, when the action would otherwise be barred.

This is an action on a promissory note, executed by Gregorio Bergel, to the ancestor of the plaintiffs, the 22d August, 1825, for five hundred and thirteen dollars, payable one year after date, with interest, at the rate of ten per cent. per annum, from the time it became due, until paid. The suit was filed December 21st, 1833, and citation served the third day thereafter.

The plaintiffs sue, as the widow and heirs of the obligee of the note, and pray judgment for the amount thereof, with interest.

Judgment by default was rendered against the defendant, on the 7th January, 1834, and made final, after producing satisfactory proof of the demand, on the 17th of the same month, and signed on the 19th February following, without any appearance of the defendant.

The plaintiffs called a single witness to *prove their demand*, who testified, that he presented the note repeatedly to the defendant for payment, who always promised to pay it; that the first time he presented it, was in 1828, and at other times, every year thereafter.

On the 13th June, 1834, the defendant obtained an order of appeal, to this term of the court (August, 1834).

WESTERN DIST.
*August*, 1834.

LOPEZ ET ALS
vs.
BERGEL.

*Lawrence & Winthrop* for the defendant and appellant, urged the following points, in support of the case on the appeal:

1. There is no proof, that the plaintiffs possess the character in which they sue. They sue as the heirs and legal representatives of Lopez, which they specially set out and allege, and it is not seen why they should not be held to. as strict proof of it, as if the defendant had denied it specially.

2. The Code of Practice requires, that to be entitled to a judgment by default, the plaintiff must prove his demand, which is required in *all cases*. *Code of Practice*, 312.

3. The execution of the note is not legally proved, according to the phraseology of the article of the Code of Practice referred to. When the law prescribes a particular mode of judicially investigating a fact, the judge is not at liberty to adopt a different course, and if he does, the fact will not be considered as proved. *Code of Practice*, 325.

4. The acknowledgment of the note, and promise to pay it, are not sufficiently proved. They should have been, either in writing, or have been evidenced by the testimony of one witness at least, with corroborating circumstances.

5. A contract for the payment of a sum exceeding five hundred dollars, must be proved by the testimony of *one credible witness, and other corroborating circumstances*. *Pothier* admits, that a verbal promise to pay, when the debt exceeds one hundred livres, is inadmissible, according to the ordinance of 1667, which requires such a promise to be in writing. *Pothier on Obligations, No.* 659. *La. Code,* 2257. 8 *Martin, N. S.* 457. 3 *La. Reports,* 213. 5 *Ibid.* 266. 6 *Ibid.* 525.

WESTERN DIST.
*August*, 1834.

LOPEZ ET ALS.
*vs.*
BERGEL.

6. The claim was barred by the prescription of *five* years, which is now pleaded.

7. The acknowledgment, and promise to pay, not being proved, as shown in the preceding points, there is no evidence to repel the plea of prescription.

*R. & A. N. Ogden*, for the appellees.

1. The plea of prescription cannot prevail. It was not pleaded regularly and at the proper time, and the court cannot now consider it. *La. Code*, 3486, 3516.

2. The plaintiffs were not bound, to prove the capacity in which they sued, as it was not denied. The rule is well established, that where a party sues in a representative capacity, *he is not* required to prove that he possesses that capacity, unless it is *specially denied*.

3. The law declares, that a judgment by default, is a tacit joinder of issue and a tacit confession by the defendant, of the justice of the plaintiff's demand; the reason is therefore much stronger, *in not* requiring proof of the representative capacity of the plaintiff, in this case, than when there is a general denial. *Code of Practice*, 360.

4. The objection, that the execution of the note was not proved, in pursuance of the article 325, of the Code of Practice, has no force. That article relates to a case, when the defendant has denied his signature.

5. There is no law, requiring the acknowledgment of the maker of the note to pay it, to be made in writing, or proved by the testimony of two witnesses, or of one with corroborating circumstances.

6. In this case the acknowledgment by the defendant, that he executed, and would pay the note, was made before the prescription was complete, and is different from that made after the debt had been extinguished by prescription, in which case it would only be evidence of a new contract.

*Martin, J.*, delivered the opinion of the court.

The defendant who is sued on a promissory note, suffered judgment by default to be taken, and on its being made final he appealed.

He now claims the reversal of the judgment, on the ground that the debt was proved by one witness only, without any corroborating circumstances ; that the plaintiffs, who sue as the representatives of the original obligee and payee of the note, have not proved their representative capacity; and finally, he relies on the plea of prescription filed in this court.

The pretensions of the defendant are resisted on the ground, that he had not denied the debt, and that this fact was a corroborating circumstance of sufficient weight, to authorise the judgment by default to be made final on the testimony of a single witness. That the capacity of the plaintiffs had no need to be proven, as it was not sufficiently denied ; and that, although the suit was brought more than five years after the note became due, prescription cannot be opposed as a bar to a recovery, because there is evidence of repeated acknowledgments and promises to pay. These promises to pay, it is urged, are sufficiently proved by the testimony of one witness, because the possession of the note by the plaintiffs is a corroborating circumstance, as it raises a strong presumption of its being unpaid.

The Code of Practice, article 360, provides, that when the defendant suffers judgment by default to be taken against him, it is a presumption of his having, by his silence, acknowledged the justice of the plaintiffs demand. It is true, that in the same article, the legislator interprets this silence as evidence of the defendant having *joined issue* with the plaintiff, i. e. denied his allegations. This discrepancy does not, however, prevent the declaration, that by suffering judgment to be taken by default, from raising the presumption of an acknowledgment of the demand. This declaration, the legislature had the power to make. They have made it. It is not the duty or business of this court, to deprive it of its effect, and to avoid considering what the legislature has pronounced to be a presumption of the acknowledgment of the justice of a demand, as a legal corroborating circumstance, which strengthens the proof of it by one witness ; especially when we reflect, that under the former Code, the mere suffering

WESTERN DIST.
*August,* 1834.

LOPEZ ET ALS.
*vs.*
BERGEL.

When the defendant suffers judgment by default to be taken against him, it is a presumption, that by his silence he acknowledges the justice of the plaintiffs' demand.

Where the defendant does not deny the plaintiffs' debt, but lets judgment go by default, this fact will be considered as a corroborating circumstance, which taken with the testimony of one witness is sufficient proof of the demand to make such judgment final.

The omission of the defendant to deny the plaintiffs' capacity to sue, waives the right to do so, and dispenses him from the necessity of proving it, even when the demand is denied.

The same consequence should follow when there is a legal

WESTERN DIST. judgment to be taken by default, was, in a case like the
*August*, 1834. present, complete proof of the debt.

The defendant's acknowledgment and promise to pay his note before and after the lapse of *five* years from the time it became due, and before suit is brought, will take the case out of prescription, when the action would otherwise be barred.

If the omission of the defendant to deny the plaintiff's capacity to sue, waives the right to do so, and dispenses him from the presumption of necessity of proving it when the debt is denied ; the same consequence ought to follow, when there is a legal presumption of its justice being confessed.

The possession of the note by the plaintiffs, afford some presumption that it is still unpaid.   The forbearance to sue, may well be imputed to the repeated promises of the defendant, and is a corroborating circumstance of the evidence on record, that the promises were made.   The cause may well be presumed from the effect.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.