## No. 2047.—LOUISIANA STATE BANK *v.* YELVERTON CAMMACK.

Where the certificate of the clerk shows that the record contains all the testimony adduced, documents filed and proceedings had, the appeal will not be dismissed because there is no bill of exceptions, statement of facts or assignment of errors. 20 An. 213; C. P. 601, 602. The plea of prescription will be noticed when made for the first time in the Supreme Court.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas, *Hough*, J. *Farrar & Reeves*, for plaintiff and appellee, *Collier & Clinton*, for defendant and appellant.

HOWE, J.   The curator of the defendant's succession has appealed from a judgment against the defendant rendered upon a bill of exchange due April twenty-six, 1862, and founded on a citation of which service was made August 3, 1867, and has pleaded in this court the prescription of five years.

The appellee has moved to dismiss the appeal.

*First.*—"Because all the evidence adduced is not in the record, and the clerk who certifies the fact that the record contains all the evidence adduced was not clerk of the court when the case was sued and cannot certify any such fact; and

*Second.*—"Because the record contains no note of evidence, statement of facts, bill of exceptions nor assignment of errors of law upon the face of the record, whereby this court can review the decision appealed from."

As to the ground first quoted, the certificate of the clerk appears to be regular, and we find nothing in the record, of which this court can take notice, to show that the certificate is untrue or that the clerk had no power to make it.

The second ground for the dismissal of the appeal cannot prevail. The record is certified to contain all the testimony adduced, documents filed and proceedings had, and the deposition of the only witness appears to have been taken in writing. No statement of facts could therefore be required.   C. P: 601, 602, 896; 20 An. 213.   Nor is an assignment of error absolutely necessary in such case.   14 L. 371.   And in this case we see no necessity of a bill of exceptions.   The appellant comes before us with a plea which is permitted by law and which we must consider.   By article 902 of the Code of Practice it is provided that although in general parties before the Supreme Court are not allowed to plead other matters than those which were before the inferior court, nevertheless it may depart from this rule when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record.   Thus prescription may be pleaded before the Supreme Court, when the proof of it appears on the face of the proceedings in the lower court.   These proceedings have been correctly reported to us— so declares the certificate of the clerk.   The right to plead prescription here and the validity of the plea do not necessarily depend on a note of evidence, a bill of exceptions or an assignment of error.   If from a "mere examination of the record" regularly certified to us we find that the debt sought to be enforced is prescribed, we must decline to dismiss an appeal which had been taken, in regular form, and sustain the plea of prescription.

In this case we find from a mere examination of the record that the debt sued on was prescribed by the lapse of more than five years between the maturity of the bill and the service of citation.

Louisiana State Bank v. Yelverton Cammack.

The appellee has not asked that the cause be remanded for trial on this plea. It is therefore ordered and adjudged that the judgment appealed from be reversed, and that there be judgment in favor of Robert Murdock, curator of the succession of Yelverton Cammack, deceased, with costs in both courts.

Rehearing refused.