No. 3196.—NEW ORLEANS CANAL AND BANKING COMPANY *v.* MRS. SOPHIA MARTIN.

If the plea of prescription be made for the first time in the appellate court and the record shows no interruption, the cause will be remanded, on the suggestion of the appellee, with instructions to the judge *a quo* to try the question whether there has been any interruption or suspension of prescription.

A clause in the judgment of the court below, which has been confirmed on default, granting a stay of execution for one year, does not debar the defendant and appellant from urging the plea of prescription in the appellate court.

APPEAL from the Ninth District Court, parish of Rapides. *Osborne, J.. T. C. Manning,* for plaintiff and appellee. *Ryan & White,* for defendant and appellant.

WYLY, J. The defendant has appealed from a judgment confirming a default against her and rendering executory the mortgage securing the instrument sued on.

She has filed in this court the plea of prescription, which, upon the face of the papers, seems to be an effectual bar to the recovery of the demand of the plaintiff. There is no interruption or renunciation of prescription shown, and we must conclude that the plea is well taken. As the plea has been filed in this court, and as the plaintiff has asked that the case be remanded if the plea should appear to be well taken, we will remand the case for the purpose of having it judicially ascertained whether there has been an interruption or renunciation of prescription.

The defendant is not estopped from pleading prescription in this court, as contended for by the plaintiff, because in the judgment con-

firming the default there is a clause staying execution for one year. We can not say that a party who has entered no appearance and against whom a default has been confirmed, has done an act in the progress of a case in the court below estopping him from pleading prescription in this court.

It is therefore ordered that the judgment appealed from be annulled, and that this case be remanded for new trial, and to be proceeded in according to law and the views herein expressed. It is further ordered that appellee pay costs of appeal.