No. 2554.—GUSTAVE SONIAT DUFOSSAT and THEO. SONIAT DUFOSSAT *v.* FRANCOIS J. LAIZER.

*The plea of prescription can not be filed or heard in the Supreme Court in a case where an appeal has been taken from an order of seizure and sale. The remedy in such a case is by injunction.*

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee,* J. *Charles F. Claiborne,* for plaintiff and appellee. ' *W. B. Hyman,* for defendant and appellant.

LUDELING, C. J. This is an appeal from an order of seizure and sale. The only ground urged in argument by the appellant in this court is, that he has filed the plea of prescription in this court, and he

urges that the notes are prescribed on their face. It has been often decided by this court that the only question which can be examined in a case on appeal from an order of seizure and sale, is, whether or not the evidence before the judge *a quo* authorized the fiat. The law authorized the executory proceedings—the defendant could not in that proceeding have made the plea before the judge *a quo*, for the proceeding *via executiva* is intended to be *exparte* on the confession of the defendant. If he could file the plea in this court, it would necessarily defeat the executory proceeding, for the plaintiff has the right in all cases where the plea of prescription is filed in this court, to have the cause remanded to enable him to show an interruption, and that would necessarily change the character of the proceedings to the *via ordinaria*. We adhere to the opinion expressed in Gill & Grinault, tutrix, *v.* Hosmer, administrator, that the questions of prescription and the interruption of prescription can not be considered on an application for an order of seizure and sale. The remedy, in a case where an order of seizure and sale has been granted on a note, which is prescribed, is by injunction, under article 739 of the Code of Practice.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal, and ten per centum on the amount of the judgment as damages for a frivolous appeal.

Rehearing refused.