## No. 4562.

### SEYMOUR TAYLOR v. A. M. WOODWARD and als.

A judgment by default, to become executory, must be notified to the defendant, and the delays from which the right to appeal begin to run must date from the day on which the defendant was notified of the judgment.

Where the plea of prescription is filed in this court, justice requires that the case shall be remanded, at the prayer of the plaintiff, in order that he may have an opportunity of introducing evidence to interrupt the prescription.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Posey*, J. *Cross & Hardee*, for plaintiff and appellee. *T. B. Lyons*, for defendants and appellants.

Justices concurring: Ludeling, Howell, Morgan.

MORGAN, J. A motion to dismiss this appeal has been made on the ground that the appeal was not asked for within the time prescribed by law.

Taylor v. Woodward.

The suit was instituted on the first February, 1866. Petition and citation were served personally on the defendant on the third and fourth of the same month. Exceptions were filed to the proceedings, which were overruled. Default was rendered on the twenty-ninth May, 1866, and confirmed on the twenty-third October, 1869.

Petition of appeal was filed twenty-fifth January, 1873. More than one year had elapsed from the rendition of the judgment to the date of the application for appeal. No notice of judgment was served on the appellant.

The 575th article of the Code of Practice provides that "whenever an answer has been filed in a suit in which the defendant has had personal service made upon him to appear and file his answer, or when a judgment has been rendered in a case after answer filed by the defendant, or by his counsel, the party cast in the suit shall be considered duly notified of the judgment, by the fact of its being signed by the judge."

From which it would appear that a judgment by default, to become executory, must be notified to the defendant. From this it results that the delays from which the right to appeal begin to run, must date from the day upon which the defendant was notified of the judgment. The judgment by default in this case not having been notified to defendant, the appeal was properly allowed.

The motion to dismiss must be refused.

On the merits, the principal defense is the prescription of three, five and ten years. As this plea was filed in this court, we think justice requires that the case should be remanded, in order that plaintiff may have an opportunity of introducing evidence to interrupt the prescription. The party has prayed to have it remanded.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that the case be remanded, to be proceeded in according to law, appellees to pay the costs of appeal.