No. 2229

Second Circuit

HENDERSON v. WHALEY

(April 8, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest — Pleading — Par. 54, 63, 71; Prescription—Par. 225.**

The plea of prescription is one which may be filed in an appellate court, but an appellate court will not take notice of such plea unless the proof of it appears on the face of the proceedings in the lower court.

2. **Louisiana Digest — Pleading — Par. 63, 71; Prescription—Par. 224, 225.**

Where a plea of prescription is filed in an appellate court and the proof of the plea appears on the face of the record as made up in the trial court, the plea will be sustained, unless the party against whom it is pleaded appear and ask that the case be remanded for hearing on that plea.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of DeSoto. Hon. John H. Boone, Judge.

Action by J. T. Henderson against J. H. Whaley.

There was judgment for plaintiff and defendant appealed.

Plea of prescription overruled and judgment affirmed.

Pegues & Atkinson, of Mansfield, attorneys for plaintiff, appellee.

Parsons & Colvin, of Mansfield, attorneys for defendant, appellant.

ODOM, J. Plaintiff brought this suit to recover $234.75, as a balance due on an open account.

The suit was filed October 3, 1923, and domiciliary service was made on defendant on the same day.

On December 4, 1923, judgment by default was granted as prayed for.

Thereafter, on June 9, 1924, the defendant applied for and was granted a devolutive appeal to this court. The appeal was lodged here on July 14, 1924.

The case was set for hearing on Tuesday, February 22, 1927. On that date appellant, through counsel, filed in this court a plea of prescription of three years in bar of the action.

Appellee has made no appearance in this court by filing brief or otherwise.

We cannot notice the plea of prescription for the reason that the proof of it does not appear on the face of the proceedings in the lower court.

The plea of prescription is one of those which may be filed in an appellate court under Article 902 of the Code of

Practice; but. in the language of the Code and under repeated decisions of the Supreme Court the plea will not be sustained unless the "proof of which appears by the mere examination of the record" or "on the face of the proceedings in the lower court".

Code of Practice, 902.

In Turner vs. O'Neal, 24 Ann. 543, the court said:

"We have looked in vain in the record for any evidence showing when the old note matured. There is, therefore, no grounds for the plea filed in this court, as the proof of it does not appear on the face of the proceedings in the lower court."

Citing Code of Practice, 902.

In Carpenter vs. Beatty, 12 Rob. 540, there was a plea of res judicata filed in the Supreme Court, and the court said:

"It is true, it (plea of res judicata) is one of those peremptory exceptions which may be pleaded at any period of a cause; but nothing has been shown to substantiate it, and the proof of it does not appear by the mere examination of the record."

Where proof of the plea does appear on the face of the record, in the lower court or upon a mere examination of the record, the appellate court will sustain the plea, unless the party against whom it is pleaded appear and ask that the case be remanded for hearing on that plea.

Taylor vs. Woodward, 25 La. Ann. 212.

Dufossat vs. Laizer, 24 La. Ann. 618.

Roth vs. Hebert, 21 La. Ann. 238.

Bernstein vs. Ricks, 20 La. Ann. 409.

Louisiana State Bank vs. Cammack, 21 La. Ann. 133.

N. O. Can & Bkg. Co. vs. Martin, 23 La. Ann. 210.

Where such demand is made the appellate court must remand.

Joubert vs. Sampson, 49 La. Ann. 133, 21 South. 166.

An examination of the record presented to us discloses that the account sued on is not prescribed.

An itemized account filed in evidence in the lower court shows that the appellant purchased goods and merchandise from the appellee at intervals from January 1, 1911, down to and including May 16, 1919, aggregating $826.85.

During each of said years, concurrently with the purchase made by appellant, down to and including July 30, 1919, the account shows payments made by appellant aggregating $572.10. He made five cash payments in 1911, five in 1912, seven in 1913, five in 1914, five in 1915, four in 1916, three in 1917, six in 1918, and two in 1919, the last being on July 30. On that date he owed a balance, according to the account, of $254.75.

On November 15, 1921, less than three years from the date on which the account seems to have been closed and a balance brought down, appellant paid thereon $20.00.

The suit was filed and service made October· 3, 1923.

The payment on November 15, 1921, was made before prescription ran and interrupted prescription on that date.

It is not disputed that if a payment was in fact made on November 15, 1921,

such payment interrupted prescription and that the account was alive when the suit was brought.

But counsel in briefs suggests that there is no proof in the record that appellant made such payment and that the crediting of that item on the account was probably an afterthought and made solely for the purpose of keeping the account alive.

Counsel's argument or suggestion is without merit.

He filed his plea for the first time in this court. In support thereof he has only the record to offer. This is a court of appellate jurisdiction only. We can consider no evidence not adduced in the lower court, and upon that record our decision must be based.

The record filed in the lower court shows the payment and shows that the account sued on is not prescribed, and appellant's plea must be overruled.

For the reasons assigned it is therefore ordered, adjudged and decreed that the plea of prescription filed in this court is overruled; and further ordered that the judgment appealed from be affirmed with costs in both courts.