P. E. FITZPATRICK & CO. v.
HESSLER et al.
No. 14443.

Court of Appeal of Louisiana. Orleans.
Oct. 30, 1933.

George Piazza, of New Orleans, for appellants.

Martin E. Kranz, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on an open account in the sum of $411.16. Plaintiff obtained judgment by default, and a devolutive appeal was prosecuted to this court. The defendant Ernest J. Hessler filed an affidavit in this court in which it was alleged that on the day that the judgment by default was entered he was absent and unrepresented because of the fact that his counsel had agreed with opposing counsel to continue the case and he (defendant) had confirmed this agreement in a personal conversation with plaintiff's counsel. Because of the reasons stated in the affidavit referred to, we are asked to reverse the judgment and remand the case for a new trial. Counsel for plaintiff, in his brief and oral argument in this court, denies the statement made in the affidavit of defendant, and says that his attitude towards opposing counsel was more than fair and characterized by "magnanimity and courtesy." He asserts that prior to the default taken on January 6, 1932, from which this appeal was prosecuted, he had caused a default to be entered on November 16, 1931, and confirmed on November 21, 1931, which, out of courtesy to opposing counsel, was set aside; that on December 15, 1931, when the case was again fixed for trial, neither defendant nor his counsel appeared, and as a further courtesy he asked for and obtained from the court a continuance to January 6, 1932, when, defendant and his attorney being again absent, and believing that all proper consideration had been given, he again took judgment by default. These statements are supported by the record.

■■ We can see no reason to remand the case. We recognize the fact that it is customary among members of the bar to enter into verbal agreements particularly with reference to the continuance of cases, but, when there is a charge of the violation of such an agreement asserted by one side and denied by the other, the court will take no notice of the controversy. Incidentally in the case at bar the attorney who represented defendant in the lower court makes no appearance in this court either by way of affidavit or otherwise; defendant being represented by another attorney.

Our conclusion is that no sufficient showing has been made which would justify us in reversing the judgment and remanding the case for a new trial.

After the argument and submission of the case, and during the course of the preparation of the opinion by this court, a plea of prescription of three years was filed by defendant, in support of which it is contended that the balance of the account sued on here, to wit, $411.16, is prescribed because "all payments and credits shown on the itemized statement and annexed to plaintiff's petition were payments made for current purchases; that said subsequent payments were not made on account of the old bill."

■ A plea of prescription may be filed in an appellate court, but it cannot be sustained unless proof of it is evident from the face of the proceedings in the lower court. C. P. art. 902; Henderson v. Whaley, 6 La. App. 344. According to the transcript, the open account for the balance of which this suit is brought extends over a period of about seven years, or from November, 1923, to May, 1930. During this period numerous purchases and payments were made by defendant, and there is nothing to indicate any agreement concerning the imputation of the payments. Under the circumstances, the payments must be imputed, as the law directs, to the debt which is longest due. R. C. C. art. 2166. The plea of prescription must be overruled.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.