BRAZIER v. PRIDE OF DONALDSON-
VILLE TABERNACLE NO. 40.*

SAME v. LANCELOT LODGE NO. 38,
KNIGHTS OF PYTHIAS.
Nos. 1823, 1824.

Court of Appeal of Louisiana, First Circuit.
July 27, 1938.

For original decisions, see La.App., 180
So. 874, and 180 So. 877.

Walter Lemann, of Donaldsonville, for
appellants.

George R. Blum and S. A. LeBlanc Jr.,
both of Donaldsonville, for appellee.

SACHSE, Judge ad hoc.

We have heretofore rendered a decision
in this matter affirming the decision of
the trial Court in each of these cases. A
rehearing has been applied for and we have
carefully considered the authorities relied
upon in the brief submitted in support
thereof, particularly the case of Gilmore
v. Schenck, 115 La. 386, 402, 39 So. 40,
but we do not think these authorities are
pertinent to the question of prescription.
We agree that if no question of prescrip-
tion is raised in the trial Court such a plea
may be filed for the first time in the ap-
pellate Court, if based on the face of the
pleadings, and the Court may pass upon
the plea or, if the plaintiff desires an op-
portunity to show the interruption of pre-
scription, may·remand the case to the trial
Court for trial on that point.

In this case, however, the question of
prescription was definitely raised by the
petition of the plaintiff in each case and
each petition contained allegations of fact
to show the interruption of prescription.
We do not believe we have the right to
say that the trial Court did not hear evi-
dence on this point nor do we believe we
have the right to say that such evidence
was insufficient, in the absence of any
showing as to what evidence was intro-
duced; unless, indeed, we are prepared
to say that since a plea of prescription is
personal to the defendant, the trial Court
did not have the right to consider evidence
of the interruption of prescription, and
that if it did so, it was passing upon a
moot question. We have made an ex-
amination of the authorities on this point
and have found but little. We have, how-
ever, found two early cases which we be-
lieve furnish the proper guide to the solu-
tion of this question.

In Lopez v. Bergel, 7 La. 178, a judg-
ment was obtained upon a promissory note
which was prescribed on its face. The
judgment was taken by default. An appeal
was taken to the Supreme Court and pre-
scription was there urged. In that case
the record indicated that evidence of one
witness was taken as to interruption of
prescription. The Court, through Justice
Martin, declared that under Article 360 of
the Code of Practice, all matters were
placed at issue by the default but that a
presumption of correctness also arose by
the failure of defendant to plead, and af-
firmed the judgment of the trial Court.
The significance of the case, of course, is
the necessary holding that the trial Court
did have the right to consider evidence
interrupting prescription even though a
plea of prescription had not been filed and
judgment was taken by default.

In New Orleans Canal & Banking Co.
v. Mrs. Martin, 23 La.Ann. 210, a judg-
ment was again taken by default and again
the question of prescription was raised on
appeal. The Court there found: "There
is no interruption or renunciation of pre-
scription shown, and we must conclude that
the plea is well taken."

We think these two cases mean that if
the plaintiff had not affirmatively shown by
his pleadings that prescription had been
interrupted, we would be bound to pass
upon the plea of prescription now or re-
turn the case to the trial Court, but that
the plaintiff had the right so to plead that
he would be able to try his case one time
only and that having done so, the trial

*Rehearing denied July 27, 1938; writ of error refused Oct. 31, 1938.

Court could properly consider the issues raised by the plaintiff.

We therefore conclude that the issue was properly before the Court, that a presumption exists that the trial Court acted properly, and in the absence of anything in the record to rebut that presumption, we ought to sustain the judgment of the trial Court. We therefore deny a rehearing in this case.

Rehearing denied.

LE BLANC, J., recused.