### No. 5613.

### ISAAC F. RILEY VS. J. OSCAR HOWELL.

As the appeal was taken within twelve months from the service of notice of the judgment confirming a default against the defendant, it was in time for a devolutive appeal.

The appeal bond was given in favor of John S. Lanier, his heirs, etc., and it appears from the certificate to the transcript as well as from the documents filed and the orders of court throughout the record that Lanier was the clerk of the court, although mention of the fact was not made in the bond, probably on account of a clerical error in drawing the instrument. The bond is sufficient.

The judgment appealed from having been rendered before the constitution of 1868, the court below had jurisdiction, although the amount in dispute, exclusive of interest, was less than five hundred dollars.

The plea of prescription having been filed in this court by appellant, on application of appellee, the case will be remanded to try the plea of prescription.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Posey*, J. *W. F. Kernan*, for plaintiff and appellee. *D. C. Hardee* and *Cross & Pipkins*, for defendant and appellant.

WYLY, J. Appellee moves to dismiss this appeal on the following grounds:

First—The amount in controversy being less than five hundred dollars, *exclusive of interest*, the district court, under article eighty-five of the constitution, was without jurisdiction, and therefore this court is without jurisdiction.

Second—The appeal was not taken within one year from the time the judgment was rendered, as required. C. P. 593.

Third—The appeal bond has not been executed in the name of the clerk, as required by article 575, C. P.

28

The jurisdiction of this court as fixed in article seventy-four of the constitution extends to appeals in all civil cases " where the matter in dispute shall exceed five hundred dollars." * * *. And it has long been held that the principal and interest added at the time of judicial demand constitute the matter in dispute. 22 An. 111, 125; 12 An. 87; 10 An. 170; 7 An. 109; 2 An. 793, 911; 5 R. 90; 1 R. 25; 12 L. 156; 1 N. S. 138. In this case the principal is $497 25, and interest accrued at the time of judicial demand exceeded two hundred dollars. This court therefore has jurisdiction, although the court *a qua* was without jurisdiction *ratione materiæ*, because in the unambiguous language of article eighty-five of the constitution "the district court shall have original jurisdiction in all civil cases where the amount in dispute exceeds five hundred dollars, *exclusive of interest.*" And here the amount exclusive of interest is less than five hundred dollars, although with interest added at the time of judicial demand it exceeded seven hundred dollars.

As the appeal was taken within twelve months from the service of notice of the judgment confirming a default against the defendant it was in time for a devolutive appeal, and there is no force in this objection. 25 An. 212; 22 An. 90.

The bond was given in favor of " John S. Lanier, his heirs and assigns, etc," and it appears from the certificate to the transcript as well as from the documents filed and the orders of court throughout the record, that John S. Lanier was the clerk of the court. The devolutive appeal bond for fifty dollars was in favor of a person who was clerk of the court, although mention of the fact was not made in the bond, probably on account of a clerical error in drawing the instrument. We think the bond sufficiently complies with article 575, C. P., and that it is good.

On the merits, we find that the court below was without jurisdiction *ratione materiæ*, the amount in dispute, exclusive of interest, being less than five hundred dollars. Article eighty-five of the constitution; Badeaux vs. Blake, 24 An. 184; 22 An. 459. Consequently, the judgment herein is an absolute nullity. .

It is therefore ordered that the judgment appealed from be annulled, and that the suit be dismissed at the costs of the appellee in both courts.

---

### ON REHEARING.

LUDELING, C. J. In the former opinion and decree in this case the court fell into the error of fact of supposing the judgment had been rendered by the district court organized under the constitution of 1868, and the court was misled by the brief of counsel. The fact is, the judg-

ment appealed from was rendered in June, 1867, and the court rendering the judgment had jurisdiction.

The plea of prescription has been filed in this court; and on the application of appellee the case will be remanded to try the plea of prescription.

It is therefore ordered and adjudged that the case be remanded for the purpose of trying the plea of prescription.

Howell, J., recused.