No. 12,293.

LEON JOUBERT VS. MRS. SUSAN A. SAMPSON, THOMAS H. SAMPSON, INTERVENOR.

When an appellee exercises the privilege of filing a plea of prescription the party against whom it is opposed has the privilege of demanding that the cause shall be remanded for the trial of that plea.

This court is without discretion to refuse such application if made prior to the submission of the cause.

APPEAL from the Civil District Court for the Parish of Orleans.
      *King, J.*

*A. J. Villeré* for Plaintiff, Appellee.

*W. S. Benedict* for Intervenor and Third Opponent.

Argued and submitted December 17, 1896.
Opinion handed down January 4, 1897.

The opinion of the court was delivered by

WATKINS, J. This is an executory proceeding to foreclose a special mortgage on real property of defendant, which was consented on the 12th of October, 1891, and Thomas H. Sampson intervened and claimed a large portion of the proceeds of sale under an alleged prior and ranking mortgage on the property.

The following extracts from the brief of the intervenor fully state his claims, viz.:

" The case came on for trial on the 18th of June, 1896, and note of evidence was taken. On behalf of plaintiff in intervention there was introduced an act passed before A. Pitot, notary, on the 24th of January, 1896, in which a release was granted of stock mortgages and claims for taxes paid, due to the Citizens Bank of Louisiana, and recognition in that act of the receipt of the same was had.

" On the same day, the 24th of January, 1885, before the same notary, Pitot, there appeared the then two living heirs of W. R. Crane, who made an act of acknowledgment in favor of the intervenor, Thomas H. Sampson, of the receipt of the funds wherewith to pay the said Citizens Bank stock mortgages and taxes due to date, from him, the said Thomas H. Sampson, and their recognition of his rights arising therefrom, and in which they declared that they obligated themselves in the event of the death of their mother, then the wife by second marriage of Thomas H. Sampson, to make no claim to the above described property as forced heirs of their mother until the amount paid by the said Thomas H. Sampson, out of his own personal funds and estate, as aforesaid, to free and release said property from the aforesaid taxes and privileges, shall have been duly paid and refunded to the said Thomas H. Sampson.

" The question before the court, as presented on the intervention of Thomas H. Sampson, is, that under Art. 2160 of the Civil Code,

his advance to the Citizens Bank for its mortgages and taxes, and payment of other taxes, in a sum equivalent to ten thousand dollars, subrogated him to those rights, and that the same was made known to each and every party in interest, by the recordation in the conveyance office of the act of the 24th of January, 1885, in book 119, folio 952, on the 20th of February, 1885."

Again:

"That it was apparent upon the face of the record of the Succession of William R. Crane and his will, and his acquisition of the property in contest, as well as of the act of acknowledgment in favor of Thomas H. Sampson, that Mrs. Susan A. Crane did not, by law, take under the will more than the law permitted her to have in and to the real estate owned by her deceased husband prior to his marriage to her. The forced heirship of three children surviving him, one of whom subsequently died without issue, and whose interest was inherited by the remaining two as well as the mother, showing upon the face of the record that at the time Leon Joubert, the mortgage creditor, loaned his money on the faith of that property, that the interests therein of Mrs. Susan A. Crane were not for an entire but only partial ownership, and hence that he can not take by his mortgage more than the law permits under the facts aforesaid; that is, the sale, if ordered to be made, to be restricted to one undivided half interest of Mrs. Crane in and to the property described, and that subject to one-half of the sum of ten thousand dollars so paid, with legal subrogation, by Intervenor Sampson, on the 24th of January, 1885."

This statement of the intervenor's counsel amounts to this, that his case stands in the attitude of Newman vs. Cooper, 46 An. 1485. That William R. Crane, deceased, was, at the time of his death and before, indebted to the Citizens Bank, and that indebtedness was secured by a mortgage on the property in suit. That, at the request of two of his heirs, the intervenor paid the debt of their father and became legally subrogated to the rights and mortgage of the bank. That Mrs. Susan A. Crane, surviving widow, had neither the power or authority to mortgage the property to a greater extent than her undivided half interest.

On the trial of these issues there was a judgment in favor of the plaintiff in executory proceedings and against the intervenor, rejecting his demands, and the latter has appealed.

In this court plaintiff in executory proceedings filed a plea of prescription of five years, whereby he claims that the intervenor's demand is cut off and barred; thereupon counsel for the intervenor moved this court to remand the case to the lower court for the purpose of taking testimony, and having that question determined contradictorily therein.

The provision of the Code of Practice is, that "prescription may be pleaded before the Supreme Court when the proof of it appears on the face of the proceeding in the lower court. But the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial on that plea." Art. 902.

On the face of that article this court is without discretion in the matter.

It is therefore ordered and decreed that this cause be remanded to the court *a qua* for the sole purpose of trying the plea of prescription—this appeal, in other respects, remaining in *statu quo*.