(38 South. 85.)

No. 15,284.

MYERS v. LANSING.

(Feb. 13, 1905.)

APPEAL—PLEA OF PRESCRIPTION—REMAND FOR TRIAL.

Defendant having filed a plea of prescription in the Supreme Court, the cause was remanded to the District Court for a trial of that plea, the appeal remaining otherwise in statu quo.

(Syllabus by the Court.)

·Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Henry L. Myers against W. L. Lansing. Judgment for plaintiff, and defendant appeals. Remanded for a trial of the plea of prescription.

David B. H. Chaffe and Charles S. Rice, for appellant. John G. Robin and William Stirling Parkerson, for appellee.

Statement of the Case.

NICHOLLS, J. The plaintiff prays for judgment against the defendant for $2,344 for this: that in January, 1901, the latter entered into a contract with him for the hire and services of his son, Bernard Myers, as jockey for the term of three years, for which he was to pay $15 per month for the year 1901, $50 per month for the year 1902, and $100 per month for the year 1903; that he was to clothe his son during the year 1901, and to board him during the three years; that he had failed to supply him with clothing, and his son had been obliged to furnish himself at a cost of $25; that he had only boarded him for five months, and the

value of the same was worth $434; that during the month of May, 1901, while he was at Chicago performing the duties incumbent upon him under said contract, he was discharged without valid, or any, reason, and compelled to leave for his home in Kentucky.

That defendant resided out of the state of Louisiana, and he was entitled to have a writ of attachment issue against his property. In view of the premises he prayed for an order commanding the sheriff of the parish of Orleans to seize and attach the property of the defendant within the jurisdiction of the court sufficient to pay petitioner's claim, for citation upon the defendant, and for judgment.

A writ of attachment issued under an order of the court, which was granted upon the petition, and under the same two race horses belonging to defendant were attached but subsequently bonded.

Defendant answered. After pleading the general issue, he admitted that he had made a contract with plaintiff for the services of his son, Bernard, but he denied that the son had performed the services for which he was hired. He averred that he had neglected the work he was given to do, disobeyed the instructions which were given to him, stayed away from the stable at night after 10 o'clock when he was ordered to be in bed at the stable by or before that time, and so conducted himself as to make it necessary for respondent to send him home to his parents, after respondent had repeatedly warned him that his conduct and services were not satisfactory, and that, unless he obeyed the orders given him, he would be discharged. He prayed that the suit be dismissed and the attachment be set aside.

The district court rendered judgment against the defendant for $1,000, with legal interest from date of the judgment, and maintained the attachment.

Defendant appealed.

### Opinion.

Plaintiff answered the appeal, praying that the judgment be increased to the original amount claimed.

Appellee has filed in the Supreme Court the following plea:

"Defendant pleads the prescription of one year provided for in article 3534 of the Civil Code in bar of plaintiff's demand. The contract of employment sued on is alleged to have been broken by the defendant by the discharge of plaintiff's son during the month of May, 1901, and this suit was not brought or citation issued until December 23, 1902, more than one year thereafter. He prays that this plea of prescription be maintained, and that plaintiff's suit be dismissed. Under article 902 of the Code of Practice 'prescription' may be pleaded before the Supreme Court when the proof of it appears on the face of the proceedings in the lower court. But the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea. Appellant prays the court to remand the cause for trial on the plea of prescription, and refers the court to Bernstien v. Ricks, 20 La. Ann. 409; Nicholson v. Jennings, 27 La. Ann. 432; Joubert v. Sampson, 49 La. Ann. 133, 21 South. 166."

The district judge in his judgment declared that the contract between the parties was one of "apprenticeship," using the following language:

"The defendant contracted with the plaintiff for the services of his son, a youth of seventeen years of age for the term of three years. He was the keeper and operator of race horses, and plaintiff's son was to serve in keeping horses and riding them, and was to be instructed by defendant with the view of becoming a jockey. The defendant had met and knew the plaintiff's son in racing circles, and formed a high opinion of him and of his aptitude in that line before he saw the plaintiff. The contract, it would seem from the contract and the evidence, was one of apprenticeship. The father gave up and the defendant assumed the care and keeping of the son for the term stated, and stood or assumed to stand from the date of the execution of the contract in the place of the parent or guardian. It was contemplated that the plaintiff and the son were to share in the wages after a certain term, but the care and well-being of the son was to be absolutely in defendant's keeping, for he was to be away from the father during the contract."

The court reached the conclusion from the evidence that the discharge of the boy under

the circumstances was made without excuse; that the father was a party to the contract, and no appeal was made to him. The father's "corrective influence was not invoked. Without just cause, and when he was more to blame than the boy, defendant ended the contract, and shipped the boy home with a suit of clothes and a $5 note. This was a clear violation of the contract, as against the plaintiff. The boy was a minor, and had no capacity to agree to anything, and plaintiff was given no opportunity to see that the contract should be carried out."

Holding the contract to have been one of apprenticeship, and that it had been violated by the defendant, the judge said:

"The Revised Statutes (article 170 of the Civil Code) provide for such a case as this. Exercising the equitable discretion which that provision of our law intrusts to the judge, I think that an award of one thousand dollars in favor of the plaintiff will be just."

Judgment to that effect was accordingly rendered.

Article 170 of the Civil Code, to which reference is made, declares that:

"Bound servants and apprentices and their masters may be compelled to the specific performance of their respective engagements, but these engagements may be rescinded before the time fixed by the contract, either at the suit of such bound servants or apprentices or at the demand of the master if they have a joint cause to claim such rescission and in such case the judge shall direct a restitution of such part of the money received on account of such engagement in proportion to the time not yet elapsed of that which has been fixed by the indenture unless such rescission is occasioned by the fault of him, who paid the money, in which case no restitution shall be made."

The plea of prescription having been filed in this court on appeal, plaintiff is entitled to have the cause remanded for a trial on that issue.

It is therefore ordered, adjudged, and decreed that this cause be remanded to the court a qua for the sole purpose of trying the plea of prescription; this appeal in other respects remaining in statu quo. Joubert v. Sampson, 49 La. Ann. 136, 21 South. 166.