No. 3130

Second Circuit

GUARANTY BANK & TRUST CO.
v. HENDERSON

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest — Prescription — Par. 224, 225; Appeal—Par. 727, 738.**

Under Article 902 of the Code of Practice where a plea of prescription was filed in the trial court but not considered there, it should be considered as having been filed in the Court of Appeal and the application to remand should be sustained.

2. **Louisiana Digest — Appeal — Par. 729, 738; Prescription—Par. 224, 225.**

Where the question of interruption of prescription requires evidence which might affect the merits of the case the court will remand the case under Code of Practice, Article 902, for any evidence relative to the issue.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Guaranty Bank & Trust Company against M. Philip Henderson.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded for new trial.

Hakenyos, Scott, Provosty & Staples, of Alexandria, attorneys for plaintiff, appellant.

B. T. Dawkins, W. C. Roberts, of Alexandria, attorneys for defendant, appellee.

WEBB, J.   This suit was instituted by the Guaranty Bank & Trust Company on June 19th, 1926, against defendant, M. P. Henderson, on a demand note for two hundred and seventy dollars drawn by the latter at Boyce, La., on March 31st, 1921, payable to the order of F. D. Holt, bearing eight per cent per annum interest from date, and stipulating ten per cent as attorney's fees, which note bears the endorsement of F. D. Holt, Neches Tie & Piling Co. and Chas. Sigler, and shows credits amounting to one hundred and ninety dollars.

Plaintiff alleged that it had acquired the note for a valuable consideration and before maturity, and prayed for judgment for the amount of the note, subject to credits shown thereon, with interest and attorney's fees.

In answer, defendant admitted having executed the note, but denied that plaintiff was the owner of the note or acquired it before maturity, and alleged, in substance, that the note had been drawn for the accommodation of the drawee, F. D. Holt, who had negotiated it to the Bank of Boyce by pledging same for the security of a note of F. D. Holt drawn in favor of the Bank of Boyce, and the principal note of F. D. Holt had been paid prior to the note sued upon coming into the possession of plaintiff, which acquired the assets of the Bank of Boyce and assumed all of its obligations, and that the note sued upon had been released by the payment of the principal note of F. D. Holt.

Defendant further alleged that after the payment of the principal note of F. D. Holt, thereby releasing the collateral note,

Chas. Sigler, being indebted to defendant in the sum of two hundred and seventy dollars, an arrangement was had with the Bank of Boyce by which Sigler endorsed the note sued upon, with the understanding that Sigler would pay the amount of the note, possession of which would be retained by the Bank of Boyce for collection for the account of defendant.

That the payments of one hundred and ninety dollars, shown on the note, had been made by Chas. Sigler, and that the plaintiff, having assumed the obligations of the Bank of Boyce, was indebted to defendant for same with legal interest from date of the respective payments, and he prayed that plaintiff's demands be rejected and for judgment against plaintiff in reconvention for the amount of the payments shown on the note.

Trial was had on June 8th, 1927, and at the conclusion of the evidence the cause was submitted, when defendant filed a plea of five years' prescription against the note, and on June 30th, 1927, judgment was rendered rejecting plaintiff's demands and granting judgment in favor of the defendant on the reconventional demand, from which defendant appealed.

In this court the plaintiff has filed a plea of estoppel against the demands of defendant, setting up that the defendant having filed a plea of prescription in the trial court after the cause was submitted, admitted plaintiff's ownership of the note, and cannot claim the payments made thereon by Sigler, and in any event the cause should be remanded to permit it to show interruption of prescription.

While the plea of estoppel appears to be urged as against the reconventional demand, the basis of the plea is that the plea of prescription admits the ownership of the note by plaintiff, and that necessarily under the admission defendant could not claim the payments which had been made on the note, and the plea might be decided at this time, but the plea of prescription if maintained would defeat plaintiff's action, even though the plaintiff should be held to be the owner of the note, and we think that plaintiff should be permitted to offer evidence to show interruption of prescription.

If the trial court sustained the plea of prescription the cause should be remanded (Gayarre vs. Millaudon, 23 Ann. 305), but assuming that the trial court did not consider the plea of prescription, we think that it should be considered as having been filed in this court, and that the application to remand should be sustained. (Art. 902, C. P.; Joubert vs. Sampson, 49 Ann. 133, 21 So. 166; Myers vs. Lansing, 114 La. 142, 38 So. 85; Gilmore vs. Schenck, 115 La. 386, 39 So. 40.)

This question as to whether or not prescription was interrupted, may itself require the introduction of evidence which would possibly affect the merits, as showing the relation of Sigler to the parties, whether indorser, guarantor or surety, etc., and we think it would be best to remand the cause for the introduction of any evidence which may be relative to the issues presented.

It is therefore ordered that the judgment appealed from be set aside, and that the cause be remanded for a new trial, the cost of the appeal to be paid by defendant.