## LOUISIANA COTTON COOPERATIVE ASS'N v. FUTRELL.

### No. 5568.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 28, 1938.

Rehearing Denied July 15, 1938.

Writ of Certiorari and Review Denied
Oct. 31, 1938.

John G. Gibbs, of Natchitoches, for appellant.

Cook, Cook & Egan, of Shreveport, for appellee.

DREW, Judge.

Plaintiff brought this suit to recover $908.49 alleged to be due it under the terms of a verbal agreement by which Mrs. H. T. Futrell sold 267 bales of cotton weighing 136,673 pounds to plaintiff. Plaintiff claimed that Mrs. Futrell guaranteed the weights and the grade of her cotton and that only 126,035 pounds was "tenable" cotton, as a result of which plaintiff was entitled to recover the value of the difference, of 10,638 pounds at the rate of six and 77/100 cents per pound, the price paid for the cotton. This amounted to $720.19.

The Association also sought to recover the cost of reconditioning 254 bales of cotton at seventy-five cents per bale, which was $190.50, making a total claim of $910.69, less a credit of $2.20 due defendant from another transaction, leaving $908.49 as the amount of the judgment prayed for.

Defendant answered, admitting the contract of sale, but denying that it was indebted to plaintiff because Mrs. Futrell had only guaranteed that the bales actually weighed what the invoices indicated.

The demands of the plaintiff were rejected, after a trial on the merits in the District Court. Plaintiff then appealed to the Court of Appeal for the Second Circuit.

In this Court the defendant has filed a plea of prescription of one year and also an exception of no cause or right of action.

■ Appellant has filed in this Court a petition wherein it claims the privilege granted it by Art. 902 of Code of Practice to have the case remanded to the lower court for trial on the plea of prescription. It contends that said article, under the interpretation given it in case of McWilliams, Ltd., v. Gulf States Land & Improvement Co., 111 La. 194, 35 So. 514, also extends the privilege to it to have the case remanded for trial on the exception of no cause of action. We do not think the cited case is authority for appellant's contention.

Article 902 of the Code of Practice provides as follows:

"Although in general parties before the Supreme Court are not allowed to plead other matters than those which were be-

fore the inferior court, nevertheless it may depart from this rule, when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record.

"The prescription may be pleaded before the Supreme Court when the proof of it appears on the face of the proceeding in the lower court. But the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea."

In unmistakable terms it grants the privilege to the appellant to demand that the case be remanded to the lower court for a trial on the plea of prescription, and we have no discretion in the matter. Myers v. Lansing, 114 La. 142, 38 So. 85; Gilmore v. Schenck, 115 La. 386, 39 So. 40; Joubert v. Sampson, 49 La.Ann. 133, 21 So. 166; Riley v. Howell, 28 La.Ann. 329; Guaranty Bank & Trust Co. v. Henderson, 7 La.App. 701.

It is therefore ordered, adjudged and decreed that this case be remanded to the court a qua for the sole purpose of trying the plea of prescription; this appeal in all other respects remaining in statu quo.