## LOUISIANA COTTON COOPERATIVE ASS'N v. FUTRELL.

### No. 5568.

Court of Appeal of Louisiana.
Second Circuit.

June 30, 1938.

John G. Gibbs, of Natchitoches, for appellant.

B. B. Breazeale, Jr., of Natchitoches, and Cook, Cook & Egan and A. T. Hughes, Jr., all of Shreveport, for appellee.

DREW, Judge.

This case was previously before us on an appeal on the merits from a judgment rejecting plaintiff's demands. In this court defendant filed an exception of no cause of action and a plea of prescription of one year. Plaintiff demanded that the case be remanded to the lower court for trial on the plea of prescription. Its demand was granted. See former judgment of this court, 184 So. 599, not yet reported [in State Report]. On trial of the plea below, the lower court, after hearing the evidence offered, sustained the plea of prescription and, under the former judgment of this court, the case was returned here bearing the same number it originally had before it was remanded.

Plaintiff purchased from defendant 267 bales of cotton at the price of .0677 per pound, based upon a guaranteed gin weight of 136,673 pounds. The agreed price, totaling $9,252.75, was paid. The transaction took place on February 19, 1932. Before it was closed, a representative of plaintiff sampled and graded said cotton. The price was fixed according to said grades, and the cotton was shipped by plaintiff to Lake Charles, Louisiana, stored in a U. S. bonded warehouse where it was re-weighed and again examined. There was no loss in gin weights; however, plaintiff contends that upon a thorough examination at the warehouse in Lake Charles, it was found that 10,638 pounds of the cotton were defective and practically every bale had to be reconditioned and the faulty cotton removed therefrom. Basing its claim on the price paid for said cotton, plus the cost of reconditioning it, plaintiff sued for $908.49.

There is no contention made that defendant knew of the defective cotton, in fact, counsel for plaintiff states she was in good faith in making the sale. It is clear to our minds that the suit is a redhibitory action for a reduction of the price, under Article 2541 of the Revised Civil Code and that such actions must be instituted within one year after the sale, where the seller has no knowledge of the defects claimed or found to exist. Revised Civil Code, Article 2534.

This suit was instituted on August 25, 1933. The sale was consummated February 19, 1932. More than one year had elapsed from the date of the sale to the filing of the suit, and the plea of one year prescription was properly sustained by the lower court and its judgment is therefore affirmed, with costs.