On April 27, 1943, the plaintiff herein, Travis J. Spence, filed this suit in the district court of the Parish of Calcasieu, against the defendant, Fred V. Brunow, seeking to recover the sum of $113.10 for damages to his automobile and other damages resulting from an accident alleged to have been caused entirely through the fault and negligence of the said defendant. In the petition, the accident is alleged to have occurred on April 14, 1942.
Domiciliary service was made on the defendant on April 28, 1943, and on May 17, 1943, he having made no appearance whatsoever in answer to the citation, a preliminary default was ordered entered against him. On May 22, 1943, the case was tried on confirmation of default and judgment was rendered in favor of the plaintiff as prayed for. No note of evidence was taken and the only testimony found in the record consists of certain offers in the form of an affidavit of the timekeeper for M.W. Kellogg Company, plaintiff's employer, and a statement of the repairs that were necessary for the damage done to the automobile.
In due time the defendant took and perfected a suspensive appeal to this court, after which, through his counsel, he filed a plea of prescription of one year, as a bar to the plaintiff's demand, based on the face of the record. Plaintiff, appellant, then filed an answer to the appeal in which it is urged that the plea of prescription is without foundation, as the fact is that the accident which gave rise to the cause of action occurred on April 14, 1943, as is well known to the defendant, and that the allegation in the petition to the effect that it took place on April 14, 1942, is a typographical error. In addition thereto it is set out that in the documentary proof found in the record, there are references which show that the accident took place in April, 1943, instead of April, 1942, as alleged. Plaintiff, appellant, then prays that the plea of prescription be overruled and that the judgment appealed from be affirmed with costs and he further prays for damages for a frivolous appeal. In the alternative he prays that the cause be remanded to the district court for the sole purpose of having the plea of prescription tried and passed upon.
Article 902 of the Code of Practice provides that "the prescription may be pleaded before the Supreme Court when the proof of it appears on the face of the proceeding in the lower court. But the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea." In the case of Joubert v. Sampson, 49 La.Ann. 133, 21 So. 166, 167, the Supreme Court, in considering the same question that is here presented, stated that on the face of that article of the Code of Practice, the court "is without discretion in the matter," from which it follows that the cause has to be remanded upon the demand of the parties to whom the plea is opposed. The court accordingly ordered the case remanded "to the court a qua for the sole purpose of trying the plea of prescription; same, in other respects, remaining in statu quo." The same ruling was made in Henderson v. Whaley, 6 La.App. 344, and in Myers v. Lansing,114 La. 142, 38 So. 85. Following these authorities, a similar ruling will be made herein. *Page 608 
For the reasons stated, it is therefore ordered and decreed that this cause be remanded to the 14th Judicial District Court of the State of Louisiana, in and for the Parish of Calcasieu, for the sole purpose of trying the plea of prescription herein filed, the appeal in all other respects to remain in statu quo.