286 So.2d 143 (1973)
LOUISIANA BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
Mrs. Jewell BOUTTE et al., Defendants-Appellants.
No. 4443.
Court of Appeal of Louisiana, Third Circuit.
December 3, 1973.
Tate & Tate by Paul C. Tate, Mamou, for defendants-appellants.
Reggie & Harrington by Edmund M. Reggie, and Edwards, Stefanski & Barousse by Nolan J. Edwards, Crowley, for plaintiff-appellee.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
FRUGÉ, Judge.
Plaintiff-appellee, Louisiana Bank and Trust Company, moved to remand the appeal of the defendant-appellant, Matthew L. Hannagriff, to the trial court in order to try the appellant's exception of prescription, which exception was filed for the first time in this court after the appeal had been lodged. The appellant has also filed a motion, joining in plaintiff-appellee's motion to remand the appeal to the trial court for the purpose of trying the exception of prescription. We remand.
Plaintiff-appellee, Louisiana Bank and Trust Company, filed suit against Matthew L. Hannagriff and others, as guarantors on the defaulted obligations of Rex Rice Company. Judgment was rendered in favor of the Louisiana Bank and Trust Company against Matthew L. Hannagriff, and the defendant, Hannagriff, perfected an appeal to this court. The appeal was lodged in this court on September 28, 1973, and on October 24, 1973, the defendant-appellant filed an exception of prescription alleging that the obligations of the defendant was extinguished by the prescription of five years under LSA-C.C. Article 3540.
Article 2163 of the Code of Civil Procedure provides as follows:
"The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
"If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception."
Under the above-quoted article, the plaintiff has a right to have this appeal remanded to the trial court for the purposes of having a trial on the exception of prescription.
For the reasons assigned, this suit is hereby remanded to the Fifteenth Judicial District Court, Parish of Acadia, for the purpose of having that court try the defendant-appellant's exception of prescription.
Appeal remanded.