635 So.2d 742 (1994)
Eddie J. BLANCHARD, et ux.
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, et al.
No. CA 93 1155.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
Boris Navratil, Navratil, Hardy & Bourgeois, Baton Rouge, for defendant-appellant Missouri Pacific R. Co.
David W. Robinson, Baton Rouge, Timothy J. Barbier, Napoleonville, Thomas J. Kliebert, Gramercy, for plaintiffs-appellees Eddie J. Blanchard and Monica Chenevert Blanchard.
William Doran, Jr., Baton Rouge, for State, through the Dept. of Transp. and Development.
Before CARTER, GONZALES and WHIPPLE, JJ.
WHIPPLE, Judge.
This is an appeal by defendant from a judgment in favor of plaintiffs and against defendant. On appeal, defendant has filed a peremptory exception raising the objection of prescription. For the following reasons, we remand to the trial court for a determination of the issue of prescription.

PROCEDURAL HISTORY
On July 15, 1986, plaintiffs, Eddie and Monica Blanchard,[1] filed suit against Southern Pacific Transportation Company (Southern Pacific) and the State of Louisiana, through the Department of Transportation and Development (DOTD), for damages allegedly sustained as a result of a motorcycle accident. In their petition, plaintiffs alleged that on July 23, 1985, Eddie Blanchard was injured when he lost control of his motorcycle as he crossed a railroad track on Louisiana Highway 1007 in Assumption Parish. According to their petition, as Mr. Blanchard crossed the railroad track, his motorcycle hit a bump, pothole, rut or other depression, causing him to lose control of the motorcycle. Plaintiffs further alleged that Southern Pacific, as the party that owned and maintained the railroad track, and DOTD, as custodian of Highway 1007, were liable to plaintiffs *743 under theories of negligence and strict liability.
Subsequently, on October 27, 1987, plaintiffs filed a supplemental and amending petition. In their supplemental and amending petition, plaintiffs added Missouri Pacific Railroad Company (Missouri Pacific) as a defendant, alleging that "the railroad track was owned and maintained by the defendant Southern Pacific Transportation Company and/or Missouri Pacific Railroad Company," and praying for "judgment in favor of [plaintiffs] and against the defendants[,] State of Louisiana, Department of Transportation and Development, Southern Pacific Transportation Company, and the Missouri Pacific Railroad Company, jointly, severally and in solido."
Thereafter, Southern Pacific filed a motion for summary judgment, averring that it had no legal responsibility to maintain the railroad track in question because it was not the owner of the track, nor had it ever operated or maintained the track, and that, accordingly, it was entitled to judgment in its favor as a matter of law. In support of its motion for summary judgment, Southern Pacific filed the affidavit of L.J. Armentor, district manager of the real estate department of Southern Pacific. In his affidavit, Armentor stated that Southern Pacific had never owned, operated or maintained the railroad track crossing Highway 1007 at the accident location, nor did it possess, by ownership or otherwise, a right-of-way across Highway 1007 at the accident location. By judgment dated May 31, 1988, the trial court granted Southern Pacific's motion for summary judgment, dismissing plaintiffs' action against this defendant.[2] Plaintiffs did not appeal this judgment.
Prior to trial of this matter, plaintiffs settled their claims against DOTD, and proceeded to trial on November 3, 1992, against Missouri Pacific only.[3] After a four-day jury trial, the jury found that Missouri Pacific was 100% at fault in causing Eddie Blanchard's injuries and that DOTD was not at fault. The jury awarded plaintiffs $2,288,000.00 in damages against Missouri Pacific. Thereafter, on November 16, 1992, the trial court signed a judgment in favor of plaintiffs and against defendant, Missouri Pacific, in accordance with the jury's verdict. From this judgment, Missouri Pacific appealed. Plaintiffs did not appeal or answer Missouri Pacific's appeal.
On July 12, 1993, Missouri Pacific filed a peremptory exception raising the objection of prescription in this Court pursuant to LSA-C.C.P. art. 2163. Missouri Pacific alleges that because DOTD was found to be free of fault, Missouri Pacific and DOTD were not joint tortfeasors and, thus, were not solidarily liable. Therefore, Missouri Pacific argues, the filing of suit against DOTD did not interrupt prescription as to Missouri Pacific. Missouri Pacific was not added as a defendant until more than one year after the accident took place.
On July 22, 1993, plaintiffs filed a motion to remand, seeking to have this matter remanded to the trial court for consideration of the exception of prescription.

DISCUSSION
A peremptory exception raising the objection of prescription may be raised for the first time in the appellate court. LSA-C.C.P. art. 2163; Genina Marine Services, Inc. v. Arco Oil & Gas Company, 499 So.2d 257, 259 (La.App. 1st Cir.1986). Louisiana Code of Civil Procedure article 2163 provides as follows:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception. (Emphasis added.)
*744 Thus, while a party may raise an exception of prescription for the first time on appeal, under these circumstances, the plaintiff has the right pursuant to LSA-C.C.P. art. 2163 to have the appeal remanded to the trial court for the purpose of having the trial court adjudicate the issue of prescription. Louisiana Bank & Trust Company v. Boutte, 286 So.2d 143 (La.App. 3rd Cir.1973). This court is without discretion in the matter of remand, upon plaintiff's demand, for consideration of the exception by the trial court. See Joubert v. Sampson, 49 La.Ann. 133, 21 So. 166, 167 (1897), and Spence v. Brunow, 16 So.2d 607 (La.App. 1st Cir.1944), which interpreted former Code of Practice article 902, the source law for LSA-C.C.P. art. 2163.[4]
Therefore, in accordance with the provisions of LSA-C.C.P. art. 2163, we remand this matter to the trial court for the sole purpose of consideration of Missouri Pacific's exception of prescription, in light of the jury's determination of no fault on the part of the Department of Transportation and Development.[5]

CONCLUSION
For the foregoing reasons, this matter is remanded to the trial court for adjudication of Missouri Pacific's peremptory exception raising the objection of prescription.
Assessment of costs shall await final disposition of this matter.
REMANDED.
NOTES
[1] Although Ms. Blanchard is referred to as Mona Blanchard in the petition and supplemental and amending petition, it appears from her testimony at trial that her name is actually Monica Blanchard.
[2] The judgment granting Southern Pacific's motion for summary judgment was rendered by Judge Leon J. LeSueur.
[3] Plaintiffs' and DOTD's joint motion of dismissal was not filed until January 11, 1993. The trial court signed an order granting the motion and dismissing DOTD from this matter on that day.
[4] Louisiana Code of Practice article 902 provided, in pertinent part, that "prescription may be pleaded before the Supreme Court when the proof of it appears on the face of the proceeding in the lower court. But the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea." (Emphasis added.)
[5] We further note that a trial de novo on the factual issue of fault is not available to the trial court on remand.