h SULLIVAN, Judge.
Emma Joy Joseph and her insurer, Lyndon Property Insurance Company, Defendants-Appellants in this automobile liability suit, filed an Exception of Prescription for the first time in this court. Plaintiff-Appellee, Jesse James Joseph, responded with a Motion to Dismiss Appeal, which we referred to the merits of the appeal, and a Motion to Remand for trial of the exception.
Facts
On February 24, 1997, Jesse was a passenger in a Ford automobile driven by his sister Emma when their car “rear-ended” another vehicle driven by Marie Tate. Jesse filed suit on February 18, 1998, naming as Defendants Vanguard Underwriters Insurance Company, whom he identified as Emma’s insurer, and Ms. Tate. (In his prayer, Jesse also requested judgment against Farm Bureau Insurance Company, but he did not allege that Farm Bureau insured anyone in this controversy.) Jesse did not name Emma as a Defendant, although he alleged that her negligence was the sole and proximate cause of the accident, and he requested that only Vanguard be served.
Subsequently, the parties* discovered that the Vanguard policy issued to Emma had expired for non-payment of premiums before the date of this accident. On September 2, 1998, the trial court dismissed Vanguard from this litigation on summary judgment. On January 12, 1999, more than one year after the accident, Jesse amended his petition tó name Emma and Lyndon as Defendants. Neither the original petition nor the first amending petition contained any allegations of negligence against Ms. Tate, the only remaining timely-sued Defendant.
At trial, Jesse’s counsel recited the following stipulations to the trial court:
| ¡.The Driver Miss Emma Joy was the driver and owner of a 1980 Ford vehicle in which the plaintiff, Jessie Joeph [sic], was a guest passenger and it was insured by Lyndon Property Insurance Company, the defendant, and ... I would like to offer, fill [sic] and introduce as Plaintiff Number 1 that insurance policy. It [is] in the file.
[[Image here]]
... The second stipulation, Judge, based on my assurances to the court and to Mr. Gadel that we are limiting our request to the policy limits of $10.000 [sic]. Then the second stipulation is *895 that Ms. Emma Joy, the driver of the vehicle was at fault in the accident.
[[Image here]]
The total medical ... by stipulation is $2,101.12. I think that is a little less that it was before.
[[Image here]]
Judge, we have another stipulation. We had Dr. Tassin that was going to come and testify because ice have a stipulation now as to liability coverage and fault. The only two witnesses that I was going to call was Mr. Joseph and Dr. Tassin, Judge.
[[Image here]]
But in lieu of Dr. Tassin’s live testimony Mr. Gadel and I have reviewed the two reports of Dr. Tassin. [The reports were marked as Plaintiffs Exhibit Number 2 in lieu of the doctor’s live testimony.]
(Emphasis added.)
Based upon the above stipulations, the medical records and bills entered into evidence, and Jesse’s testimony, the trial court rendered judgment in favor of Jesse for $10,000.00, subject to legal interest from date of judicial demand until paid. Before reciting Ms oral reasons, the trial court stated: “The court really appreciates your professionalism over here and being able to agree to this, obviously without jeopardizing either of your client’s interests. This shows the mark of good lawyers. I wish you would both win.” (Emphasis added.)
hOn July 30, 1999, Emma and Lyndon suspensively appealed from the trial court’s judgment. On October 21, 1999, Emma and Lyndon filed an Exception of Prescription with this court, alleging that the initial petition did not interrupt prescription as to them, in the absence of any liability on the part of any timely-sued Defendant.
Motion to Dismiss Appeal
Jesse first argues that this appeal should be dismissed as abandoned because Emma and Lyndon filed only the Exception of Prescription and its supporting brief rather than a brief addressing the merits of their appeal as required by the Uniform Rules, Courts of Appeal, Rule 2-8.6. The record reflects that Emma and Lyndon timely filed their exception and brief within the deadlines set by this court. In their brief, they assigned one error, i.e., that the trial court erred in signing a money judgment against them when the suit had prescribed in light of the assessment of 100% fault to Emma. In a letter addressed to this court, defense counsel explained that the original brief “is intended to encompass both the Exception of Prescription urged by Lyndon, as well as the appeal of the Judgment subsequent to the Trial on the Merits.” Under these circumstances, we do not find that Emma and Lyndon have abandoned their appeal. The Motion to Dismiss Appeal is denied.
Motion to Remand
Jesse next requests this court to remand the case for trial of the Exception of Prescription pursuant to La.Code Civ.P. art. 2163. Emma and Lyndon oppose a remand as unnecessary under the facts presented herein.
La. Code Civ.P. art. 2163 provides:
l/Fhe appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.
In Willett v. Premier Bank, 97-187, pp. 9-10 (La.App. 3 Cir. 6/4/97); 696 So.2d 196, 201, we stated:
Article 2163 clearly states that the plaintiff may demand a remand of the case for trial of the prescription exception. The plaintiff therefore had discretion to make such a demand. The arti *896 cle, however, is silent as to any mandate on the appellate court to remand the case upon the plaintiffs demand. We conclude that the article does not grant plaintiff an automatic right to remand upon his demand for such action. The appellate court has discretion to do so should the interests of justice require a full hearing.
This language is consistent with other decisions of this court permitting a remand for trial of an exception of prescription in the interests of justice. See Carmouche v. City of Marksville, 94-122 (La.App. 3 Cir. 10/5/94); 643 So.2d 392. However, other jurisdictions have concluded that an appellate court is without discretion in the matter of a remand and must do so upon the plaintiffs request. See Blanchard v. Southern Pac. Transp. Co., 93-1155 (La. App. 1 Cir. 4/8/94); 635 So.2d 742.
In McKeithen v. LeBlanc, 491 So.2d 807, 808 (La.App. 3 Cir.1986) we concluded that justice would be best served by a remand, where “[t]he question of prescription has never been tried, evidence concerning possible interruption of prescription has never been presented, and the issue of prescription turns out to be the only real controversy in the case.” Finding that these considerations are present in this case, we hereby grant Jesse’s Motion to Remand.
| sIn Blanchard, 635 So.2d 742, a jury made the determination that the untimely-sued defendant was solely responsible for the plaintiffs’ injuries. Under those circumstances, the appellate court recognized that “a trial de novo on the factual issue of fault is not available to the trial court on remand.” Id. at 744, n. 5. In the present case, the trial court cannot reassess fault, as no evidence of such is in the record at this time. However, the trial court may consider the validity and/or the effect of the stipulation as to Emma’s fault, should that issue arise on remand. See, e.g., Young v. Martinez, 98-674 (La.App. 5 Cir. 11/25/98); 722 So.2d 1143.
Decree
For the above reasons, Plaintiff-Appel-lee’s Motion to Dismiss Appeal is denied, but his Motion to Remand is granted. Costs of this appeal are assessed equally between Plaintiff-Appellee and Defendants-Appellants.
REMANDED.