# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-437

PREMIENCE ENERGY, LLC

VERSUS

DUFRENE PIPE COMPANY, INC.

**********

APPEAL FROM THE
THIRTY FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-94-19
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

**VAN H. KYZAR**
**JUDGE**

**********

Court composed of D. Kent Savoie, Van H. Kyzar, and Ledricka J. Thierry, Judges.

**REMANDED WITH ORDER;**
**APPEAL HELD IN ABEYANCE.**

Andrew R. Lee
Marisa Del Turco
Jones Walker LLP
201 Saint Charles Avenue, Suite 5100
New Orleans, LA 70170
(504) 582-8000
COUNSEL FOR DEFENDANT/APPELLANT:
    Energy Technology Manufacturing & Threading, LLC

Marc T. Amy
Jones Walker LLP
600 Jefferson Street, Suite 1600
Lafayette, LA 70501
(337) 593-7662
COUNSEL FOR DEFENDANT/APPELLANT:
    Energy Technology Manufacturing & Threading, LLC

Mark R. Pharr, III
William F. Large
Galloway, Johnson, Tompkins, Burr & Smith, PLC
3861 Ambassador Caffrey Parkway, Suite 300
Lafayette, LA 70503
(337) 735-1760
COUNSEL FOR DEFENDANT/APPELLANT:
    Energy Technology Manufacturing & Threading, LLC

Samuel E. Masur
John Phillip Graf
Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC
400 E. Kaliste Saloom, Suite 4200
Lafayette, LA 70508
(337) 237-0132
COUNSEL FOR PLAINTIFF/APPELLEE:
    Premience Energy, LLC

Marne Jones
Thompson Coe
650 Poydras Street, Suite 2105
New Orleans, LA 70130
(504) 526-4320
COUNSEL FOR DEFENDANT/APPELLEE:
    IOS/PCI, LLC

John C. Wegmann
Geiger, Laborde & Laperouse, LLC
701 Poydras Street, Suite 4800
New Orleans, LA 70139
(504) 654-1378
COUNSEL FOR DEFENDANT/APPELLEE:
    Dufrene Pipe Company, LLC

**KYZAR, J.**

Defendant, Energy Technology Manufacturing and Threading, LLC, has appealed the judgment of the trial court on a jury verdict in favor of Plaintiff, Premience Energy, LLC, for damages resulting from an oilfield accident caused by the failure of a casing pipe. The jury awarded a total of $3,755,956.23 in damages, representing $522,614.87 in past expenses for remediating the casing failure, and $3,233,341.36 in future remediation expenses. After the lodging of the appeal, Defendant, for the first time, filed a peremptory exception of prescription in this court, in response to which Plaintiff filed a motion to remand the exception for a hearing in the trial court thereon. For the reasons stated, we remand this matter to the trial court for further proceedings as to the prescription issue.

## FACTS AND PROCEDURAL HISTORY

Premience Energy, LLC (Premience) is an oil and gas drilling company that was completing a well in Jefferson Davis Parish, the JV Miller #2. In order to accomplish this, Premience ordered casing pipe from Dufrene Pipe Company, LLC (Dufrene).[1] While Dufrene sells casing, it does not have the ability to internally test the pipe to insure that it is of the proper grade required by the purchaser. Rather, it relies on outside testing companies to perform the testing. In this case, Energy Technology Manufacturing and Threading, LLC (ETMT) was the testing company.

Premience filed suit against Dufrene on February 11, 2019, after the oilfield accident on September 26, 2018. In March 2020, Premience filed an amended petition adding additional defendants to the suit, including ETMT. In its amended petition, Premience asserted a cause of action for negligence against ETMT and

---

[1] Production casing is pipe that is run in an oil well after it has been drilled to its total depth and logged. The pipe has holes located at the level of the oil and gas bearing zones so the oil can flow into the casing and up to the surface of the earth.

asserted that it was liable, in solido, with Dufrene. Premience alleged that ETMT was "retained" by Dufrene "to inspect the threads on the casing, re-thread the casing where appropriate, perform hydrostatic testing, conduct a full-length drift on each joint of casing and to inspect the wall of the casing for acceptable thickness and appropriate grade." Premience claimed that the casing was certified to be that which was ordered but, in fact, it was not. During production from the well, the casing broke, causing significant damage.

Following rendition and signing of the March 7, 2023 amended judgment, ETMT filed the instant appeal. However, after the appeal was lodged in this court, ETMT filed a peremptory exception of prescription, alleging that Premience failed to file suit against it within one year of the date of the accident that resulted in its claim. In response, Premience filed a motion to remand the exception of prescription for a hearing in the trial court. Consideration of the motion to remand the exception for a hearing and disposition in the trial court is the only issue before us at this time.

OPINION

Regarding a peremptory exception of prescription filed for the first time in an appellate court, La.Code Civ.P. art. 2163 provides as follows:

> The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
>
> If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.

The parameters of the decision-making process before us was set forth in *Johnson v. Orleans Parish School Board*, 22-731, p. 6 (La.App. 4 Cir. 3/15/23), 359 So.3d 592, 598, *writ denied*, 23-549 (La. 6/7/23), 361 So.3d 975:

> A party may raise an exception of prescription on appeal if the case has not yet been submitted for decision, and if there is proof in the

2

record to determine its merits; if not, the court may remand the issue for determination. *See* La. C.C.P. art. 2163; *Walker v. AMID/Metro P'ship, LLC*, 2012-0285, p. 5 (La. App. 4 Cir 1/16/13), 109 So.3d 35, 39 (citing La. C.C.P. art. 2163; *Cameron v. Delta Plumbing*, 2007-0672, p. 5 (La. App. 4 Cir. 2/13/08), 976 So.2d 343, 346). An exception of prescription is designed to stop the prosecution of stale claims. *See Prevo v. State ex rel. Dep't of Pub. Safety & Corr. Div. of Prob. & Parole*, 2015-0823, p. 4 (La. 11/20/15), 187 So.3d 395, 398 (citing *Wells v. Zadeck*, 2011-1232, p. 7 (La. 3/30/12), 89 So.3d 1145, 1149). The party raising the exception bears the burden of proof, unless it is evident on the face of the proceedings that the claim has prescribed, at which point the burden shifts to the plaintiff to show that the matter has not prescribed. *Id.* (citing *Campo v. Correa*, 2001-2707, p. 7 (La. 6/21/02), 828 So.2d 502, 508; *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La.1993)).

In *Blanchard v. Southern Pacific Transportation Co.*, 93-1155 (La.App. 1 Cir. 4/8/94), 635 So.2d 742, the first circuit held that appellate courts have no discretion in the matter of remand, per La.Code Civ.P. art. 2163, once a plaintiff has demanded that the matter be remanded. In *Louisiana Bank and Trust v. Boutte*, 286 So.2d 143 (La.App. 3 Cir. 1973), this court also found that La.Code Civ.P. art. 2163 required a mandatory remand of the prescription exception, just as that found in *Blanchard*. However, a different panel of this court, in *Willett v. Premier Bank*, 97-187, pp. 9–10 (La.App. 3 Cir. 6/4/97), 696 So.2d 196, 201, determined that the decision to remand is discretionary with the court on appeal, rather than mandatory:

> [Louisiana Code of Civil Procedure] Article 2163 clearly states that the plaintiff *may* demand a remand of the case for trial of the prescription exception. The plaintiff therefore had discretion to make such a demand. The article, however, is silent as to any mandate on the appellate court to remand the case upon the plaintiff's demand. We conclude that the article does not grant plaintiff an automatic right to remand upon his demand for such action. The appellate court has discretion to do so should the interests of justice require a full hearing.

We need not resolve the issue of whether the decision to remand is mandatory or discretionary here, as we determine that the interests of justice are best served by granting a remand so that this issue can be fully explored and litigated.[2]

While this case has been pending for over four years, the issue of prescription has never been raised until after the filing of this appeal. On the face of the pleadings, it may well be that the claim against ETMT had prescribed before Premience filed its suit. However, Premience asserts in its motion that the doctrine of contra non valentem is an issue applicable to the exception, as are other issues that may apply in defense of the exception, and that these issues are best suited for resolution with evidence adduced before the trial court. We agree. Therefore, we conclude that Premience should have the opportunity to present evidence during a hearing on the exception of prescription to address all of the issues related thereto. Likewise, ETMT will have the opportunity to contest any such evidence and/or counter Premience's arguments.

## DECREE

For the reasons stated, we remand this matter solely for consideration of the peremptory exception of prescription raised by Energy Technology Manufacturing and Threading, LLC, and its appeal will be held in abeyance pending a ruling by the trial court on the exception. The trial court is ordered to file a copy of its ruling on the exception with this court within ten days following the ruling. After the trial court's ruling is filed with this court, this court shall set a new briefing schedule, and

---

[2] *See also Joseph v. Vanguard Ins. Co.*, 99-1475 (La.App. 3 Cir. 3/1/00), 758 So.2d 893; *Marable v. Empire Truck Sales of La., LLC*, 16-876, 16-877, 16-878 (La.App. 4 Cir. 6/23/17), 221 So.3d 880, *writ denied*, 17-1469 (La. 11/13/17), 230 So.3d 210; and *Hernandez v. Chalmette Med. Ctr.*, 01-74 (La.App. 4 Cir. 8/21/02), 826 So.2d 641, *writ denied*, 02-2364 (La. 11/22/02), 829 So.2d 1054, wherein the courts held that the granting of a motion to remand pursuant to Article 2163 is discretionary, not mandatory.

4

the appeal shall be re-docketed. The assessment of costs shall await final disposition of this matter.

REMANDED WITH ORDER; APPEAL HELD IN ABEYANCE.