FRUGE, Judge.
Aloysius Pontier, the defendant-appellant, perfected this suspensive appeal after suffering a default judgment against him, which judgment was a deficiency judgment obtained by the plaintiff, Lewis Roy Motors.
From the record the facts in this case appear to be substantially as follows:
The defendant-appellant executed a chattel mortgage and promissory note in favor of Commercial Securities Exchange Corpo *424 ration in the amount of $2,549.20. The note is a standard form in which there is provision for acceleration of the installments and maturity of the entire note in default of payment of any installment thereunder. The note and mortgage were apparently purchased from Commercial Securities Corporation by Lewis Roy Motors, the plaintiff-appellee. The defendant-appellant defaulted in payment 'of the installments due under the promissory note and so the plaintiff instituted executory proceedings on August 8, 1960, whereunder the automobile secured by the mortgage and promissory note was seized and ultimately sold in December, 1960. After the sale, there was a balance allegedly owing on the note of $2,088.43. To recover this deficiency from the defendant-appellant personally, the plaintiff instituted a suit for a deficiency judgment in March, 1967. A preliminary default and a judgment of default were obtained that same month. It is from that judgment that the appellant perfected this suspensive appeal.
The appellant urges two defenses on this appeal. Concededly, he made no defenses at the trial of the case, but by virtue of Civil Code Article 3464 and Code of Civil Procedure Article 2163, it is proper for the appellate court to consider peremptory exceptions even though they are made the first time in the appeals court if proof of the grounds for such exceptions appears from the record.
The two peremptory exceptions filed by the appellant of this appeal are, first, plea of prescription, and second, that the appel-lee has no cause of action for a deficiency judgment which is based on the earlier ex-ecutory proceedings. The appellant’s argument relative to the plea of prescription is that by virtue of Article 3540 of the Louisiana Civil Coda actions on promissory notes prescribe five years after maturity thereof. The note here matured no later than the date the executory process was sought by,. Lewis Roy Motors — that is, August 8, 1960 —by virtue of the acceleration clause of the note itself. The executory proceedings interrupted the running of prescription upon the note until the date of the sheriff’s sale, at which time the amount received for the automobile sold was credited to the amount owing on the note, leaving a balance on December 2, 1960 of $2,088.43. Therefore, it would appear that from then prescription began to run anew. This being true, the promissory note would prescribe after December 2, 1965, which date was well over one year before the institution of this action by Lewis Roy Motors seeking a deficiency judgment.
For this reason, we are of the opinion that the promissory note and mortgage sued upon by the plaintiff-appellee had prescribed before this suit was instituted, and therefore, Lewis Roy Motors is now presently precluded from obtaining a favorable judgment.
We feel that this suit must be categorized as an action to enforce a promissory note and that the prescriptive period of ten years is not applicable in the instant case because this action is not one based upon a prior judgment. The trial court’s granting of an order for the use of execu-tory process is not “a money judgment” as contemplated under Article 3547 of the Louisiana Civil Code. Such contention was forcefully rejected by our Supreme Court in the case of Lacour Plantation Co. v. Jewell, 186 La. 1055, 173 So. 761 (1937).
Since we have determined that the appellant’s plea of prescription should be sustained by this court, it becomes unnecessary to pass upon his alternative exception of no cause of action.[1]
For the foregoing reasons, the judgment of the trial court appealed from is reversed *425 and it is decreed that judgment he rendered in favor of the defendant-appellant, Aloysuis Pontier, and against plaintiff, Lewis Roy Motors, Inc., dismissing this suit at plaintiff’s costs.
Reversed and suit dismissed.

. Should the appellee desire to contest this court’s findings on the question of prescription, it may do so through a timely application for rehearing accompanied with a request to remand this case to enable it to produce evidence on this and other issues raised for the first time in this court by the appellant.