PER CURIAM.
The defendant has appealed from a judgment taken by default on a promissory note dated October 14, 1976,[1] contending *1030 that, on the face of the pleadings, the action has been extinguished by prescription, as the petition contains no allegations of interruption or suspension thereof. A peremptory exception of three or five years prescription has been filed for the first time in this court. The plaintiff acknowledges the petition contains no allegation of interruption or suspension of prescription and that no proof thereof was offered when the default was confirmed. However, it contends the judgment should be affirmed because of the defendant’s failure to establish that he had made no payments on the indebtedness that interrupted prescription and further, that prescription was actually interrupted on September 28,1979, by filing a similar suit on the note in another parish. Both parties request in the alternative that the case be remanded for further proceedings on the issue of prescription.
LSA-C.C.P. art. 2163 permits consideration of a peremptory exception filed for the first time in this court and further provides:
“If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.”
Under the circumstances, the case will be remanded for trial of the exception.
For the foregoing reasons, the case is remanded to the district court for trial and determination according to law of the peremptory exception of prescription filed herein.
The costs of this appeal are assessed one-half to appellant and one-half to appel-lee.
REMANDED.

. The note is not in the record. Instead, there is an installment contract between the parties and some invoices,