643 So.2d 392 (1994)
Lincoln CARMOUCHE, Lloyd Bordelon and I.B. Desselles, Plaintiffs/Appellees,
v.
The CITY OF MARKSVILLE, Defendant/Appellant.
No. 94-122.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
Angelo Joseph Piazza III, Marksville, for Lincoln Carmouche, et al.
David Charles Laborde, Lafayette, for City of Marksville.
Before YELVERTON and COOKS, JJ., and BERTRAND[*], J. Pro Tem.
LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Lincoln Carmouche, Lloyd Bordelon and I.B. Desselles filed suit against the City of Marksville, alleging that repeated instances of flooding caused by the City's failure to replace or to maintain a drainage culvert resulted in property damage to their homes as well as mental anguish and inconvenience. After a bench trial, the court ruled in favor of plaintiffs Carmouche and Bordelon, awarding them $12,000 and $8,000 respectively, and against plaintiff Desselles. All parties have appealed. For the first time in this court, the City has filed an exception of prescription.
The plaintiffs own homes on Roy Street near its intersection with Widdie Street in the City of Marksville. They testified that the area has had a history of poor drainage for many years, but that the "real problem" with flooding and standing water began two or three years before suit was filed, when the City improved Roy Street and installed new *393 sewer lines. The plaintiffs maintained that the heightened flooding they experienced was caused by a defective culvert, located under Widdie Street, which had either collapsed or was insufficient to drain the volume of water that would accumulate along Roy Street after each heavy rainfall.
The City argues that the plaintiffs' claims have prescribed, relying upon the plaintiffs' testimony that the first instance of flooding occurred over one year before suit was filed. However, the prescriptive period governing this case is found in La.C.C. arts. 3492 and 3493, which provide:
Art. 3492. Delictual actions
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage. (Emphasis added.)
Art. 3493. Damage to immovable property; commencement and accrual of prescription
When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.
See also Barr v. Smith, 598 So.2d 438 (La. App. 2d Cir.), writ denied, 604 So.2d 998 (La.1992), where the court held that prescription did not begin to run against a landowner until his neighbor's excavation work actually damaged his property, notwithstanding the landowner's earlier concerns of "potential damage" to the property.
In the instant case, the trial court made no factual finding as to when the plaintiffs sustained damages to their homes and property and/or when they should have acquired knowledge of such damages. The evidence that would be relevant to the question of prescription is conflicting, and for this court to decide this issue would require credibility determinations that are inappropriate at the appellate level. For example, Lloyd Bordelon, testifying at trial on July 12, 1993, stated that he first noticed that his home was sinking "about two years ago." However, in his deposition of February 1, 1993, Bordelon testified that he had been experiencing problems with the floors in his home for only four months. Under the first scenario, neither the initial petition filed by Carmouche on September 24, 1992, nor the supplemental petition of December 15, 1992, in which the claims of Bordelon and Desselles were added, would have been timely as to Bordelon's claim; if the second scenario were true, the instant suit would have interrupted prescription as to Bordelon's claim. Lincoln Carmouche testified that he first noticed damage to his home's foundation either a year or a year and a half before trial. However, the City's expert engineer testified that the damage he observed at the Carmouche home appeared to have occurred "quite some time" ago.
La.C.C.P. art. 2163 provides:
Art. 2163. Peremptory exception filed in appellate court; remand if prescription pleaded.
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.
In their appellate brief, the plaintiffs have asked that we remand the case for trial of the exception of prescription. We agree that justice would be best served by such action, considering the conflicting evidence before us and the absence of any trial court ruling on this question. See McKeithen v. LeBlanc, 491 So.2d 807 (La.App. 3d Cir.1986).
For the above reasons, the case is hereby remanded to the district court for proceedings not inconsistent with this opinion. Cost *394 of this appeal shall be assessed to defendant/appellant, the City of Marksville.
REMANDED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.