716 So.2d 467 (1998)
Walter BIBBINS
v.
BOH BROTHERS CONSTRUCTION COMPANY.
No. 98-CA-172.
Court of Appeal of Louisiana, Fifth Circuit.
July 28, 1998.
Arcenious F. Armond, Jr., Gretna, for Plaintiff/Appellee.
Richard S. Vale, Metairie, for Defendant/Appellant.
Before DUFRESNE and GOTHARD, JJ., and ROBERT M. MURPHY, J. Pro Tem.
GOTHARD, Judge.
Defendant/appellant, Boh Bros. Construction Company, (Boh Bros.) filed this appeal seeking review of a judgment of the Office of Worker's Compensation which found the claimant to be temporarily totally disabled as a result of a work-related accident. Boh Bros. has filed a peremptory exception of prescription in this Court. Claimant has filed a Motion for Remand requesting this Court to remand the matter to the Office of Worker's Compensation for determination of the prescription issue. For the following reasons, we grant claimant's motion and remand the matter.
Claimant filed this claim for compensation on February 13, 1996 seeking benefits for a work-related injury sustained on April 6, 1993. At the trial on the merits, it was stipulated that the accident happened on *468 April 6, 1993, that claimant was released to work on August 17, 1993, that the average weekly wage was $536.96, and that benefits were terminated on August 24, 1993. Other stipulations include the amount of medicals and social security paid to claimant. After hearing all of the evidence presented, the trial court rendered judgment finding the claimant to be temporarily totally disabled, granting an offset for Social Security benefits paid to claimant, and refusing to find defendant arbitrary and capricious in its payment of benefits.
Boh Bros. appealed the judgment and filed an exception of prescription for the first time in this Court. The exception asserts that, while the trial court could have awarded supplemental earnings benefits in this matter, it could not award temporary total disability benefits. In its justification of the belated filing of the exception of prescription, Boh Bros. asserts that it understood the claimant was seeking only supplemental earnings benefits at trial. Claimant has responded to that exception by filing a formal motion to remand the matter to the Office of Worker's Compensation for consideration and disposition, arguing that a clarification of the ruling is necessary.
Code of Civil Procedure article 2163 allows a peremptory exception raising the objection of prescription to be raised for the first time in the appellate court. Blanchard v. Southern Pacific Transportation Company, 93-1155 (La.App. 1 Cir. 4/8/94), 635 So.2d 742.
LSA-C.C.P. article 2163 provides as follows:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.
That article affords the plaintiff the right to have the appeal remanded to the trial court for the purpose of having the trial court adjudicate the issue of prescription. Blanchard v. Southern Pacific Transportation Company, supra. We agree that in the absence of a trial court ruling on the issue of prescription and the conflicting claim of what specific benefits claimant was seeking in the trial court, that justice would be best served by a remand of the matter for consideration of the exception of prescription by the trial court. See, Carmouche v. City of Marksville, 94-122 (La.App. 3 Cir. 10/5/94), 643 So.2d 392. Accordingly, we remand the matter for proceedings not inconsistent with this opinion.
MATTER REMANDED.