| iBYRNES, Judge.
Defendant Kim Renfroe-Peneguy Booth appeals the October 24, 1997 judgment rejecting her petition for nullity of a default judgment in Orleans Civil District Court. We reverse and render.
This case involves a sale of three industrial oil field transformers by the manufacturer, Ward Transformer Company (“Ward”), through its manufacturer’s representative, Robin E. Owens & Associates, Inc. (“Owens”), to Ms. Booth, the CEO of Makim Resources International, Inc. (“Makim”) in 1989. Owens was also to supply consulting services. Ward was paid for the transformers, and Ward withheld other fees owed to Owens. The transformers were to be used in a construction project in Honduras; however, the Honduran government rejected the transformers as not being new but rather refurbished.
Initially, Owens made demand for payment and filed suit against Makim and Ms. Booth in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. After a trial on August 27, 1991, judgment was rendered in the amount of $12,900 as well as $3,000 attorney’s fees in favor of Owens against Makim and dismissing the claim against the defendant Ms. Booth with prejudice.
_]20wens was unsuccessful in collecting the Jefferson Parish judgment against Makim. In February 1995, Owens filed suit in Civil District Court for the Parish of Orleans against Ms. Booth and Mauricio Diaz, alleged to be the original incorporators, officers and *1098 directors of Makim. In its petition, Owens stated that it learned that Makim had never filed an annual report or renewed its charter with the Louisiana Secretary of State. Owens believed that the formalities of corporate existence were not followed as required. Owens alleged that Ms. Booth and Diaz fraudulently contracted with Owens and fraudulently asserted that Makim was a validly chartered Louisiana corporation in order to permit Ms. Booth to be dismissed from the prior lawsuit and for the judgment to be taken against the corporation. Owens asserted that through Ms. Booth’s priors acts, assertions and omissions, Owens suffered damages to its credit reputation. Owens claimed that it is entitled to collect from the defendants, in solido, for the balance owed on the September 12, 1991 Jefferson Parish judgment, for judicial interest from the date of judicial demand until paid, costs and attorney’s fees.
On May 16, 1995, and on July 12, 1995 Owens filed motions for default, and a preliminary default was entered in Orleans Civil District Court. After a hearing on July 17, 1995, the preliminary default was confirmed and made final. The Orleans Parish default judgment against Ms. Booth was rendered in favor of Owens in the amount of $18,448, representing the balance owed on the Jefferson Parish judgment signed September 12, 1991 plus judicial interest thereon from the _Ijjdate of judicial demand until paid, as well as all costs and $3,468.85 in attorney’s fees.
On January 10, 1997 Ms. Booth 'filed a petition for nullity of the default judgment in Orleans Civil District Court. On January 23, 1997 Owens filed dilatory and peremptory exceptions. On February 20,1997 Ms. Booth filed a motion for summary judgment, requesting a decree that the default judgment was vacated and annulled. On February 21, 1997 Ms. Booth filed a supplemental and amended petition. On March 4, 1997 Owens filed a dilatory exception of prematurity of Ms. Booth’s motion for summary judgment.
After a hearing on October 17, 1997 the trial court entered a judgment dated October 24, 1997. The Orleans Parish judgment maintained Owens’ exception of no cause of action by peremption and/or no cause of action by prescription. The trial court found that Ms. Booth’s petition for nullity had prescribed and the court did not reach the issue of Owens’ claim of no right of action. The trial court dismissed Ms. Booth’s motion for summary judgment as being premature and overruled Ms. Booth’s exception of no cause of action as being moot. Ms. Booth’s appeal followed. On appeal Ms. Booth also filed an exception of prescription and lack of subject matter jurisdiction, as well as an exception of res judicata. This court granted Ms. Booth’s motions to supplement the record and an extension of time. Owens has filed a motion for sanctions and/or to dismiss the appeal.
Ms. Booth contends that the trial court erred in overruling her exception of no cause of action because the trial court lácked subject matter jurisdiction, the ^matter had prescribed, and the Jefferson Parish judgment established res judicata so that the Orleans Civil District Court judgment was invalid. Ms. Booth also contends that the trial court erred in maintaining Owens’ no cause of action by peremption and/or by prescription.
Owens requests dismissal of Ms. Booth’s appeal and sanctions; however, Owens’ failure to file an independent appeal or to answer Ms. Booth’s appeal precludes a review of the claim for sanctions. State v. One 1990 GMC Sierra Classic Truck, VIN No. 1GTCS142XL25052929, 94-0639 (La.App. 4 Cir. 11/30/94), 646 So.2d 492, writ denied 94-3171 (La.2/17/95), 650 So.2d 254. On appeal Ms. Booth has also filed an exception of prescription and lack of subject matter jurisdiction, claiming that the action in Orleans Civil District Court has prescribed pursuant to La. C.C. art. 3494(4), because Owens filed the action over three years from the date of the Jefferson Parish judgment. The original transaction took place in November 1989. The judgment in Jefferson Parish was rendered on September 12, 1991. Owens filed suit in Orleans Parish in February 1995.
Prescription must be specially pleaded; courts may not supply a plea of prescription. La. C.C. art. 3452. Even though a debtor made no defenses at trial of the case, it is proper for the appellate court to consider peremptory exceptions such as a *1099 defense of prescription made for the first time in the appellate court where proof of the grounds for such exceptions appeared in the record. Lewis Roy Motors, Inc. v. Pontier, 204 So.2d 423 (La.App. 3 Cir.1967). A plea of | ¿¡prescription may be filed in the court of appeal any time prior to final judgment but cannot be maintained unless the record discloses that the plea is well founded. Duncan v. City of Pineville, 192 So.2d 664 (La.App. 3 Cir.1966). The maker, appealing from a default judgment on a note, may timely file a peremptory exception of prescription in the reviewing court even though he raised no defense in the trial court. Gierling v. Garner, 284 So.2d 664 (La.App. 3 Cir.1973). The exception of prescription can be filed for the first time in the appellate court if formally pleaded prior to submission of the case for decision. Willett v. Premier Bank, 97-187 (La.App. 3 Cir. 6/4/97), 696 So.2d 196; In re Ponchatalawa, Inc., 428 So.2d 993 (La.App. 1 Cir.1983); and Landry v. Guillory, 344 So.2d 1138 (La.App. 3 Cir.1977). Generally, the party raising a peremptory exception, urging prescription, bears the burden of proof, unless prescription is evident from the face of the pleadings, in which case the plaintiff bears the burden of showing an action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
Owens argues that the doctrine of contra non valentem applies and prevented the running of prescription. Owens asserts that an innocent plaintiff may be lulled into a course of inaction in the enforcement of his right by reason of some concealment or fraudulent conduct on the part of the defendant or because of the defendant’s failure to perform some legal duty whereby the plaintiff has been kept in ignorance of his rights. Webb v. Blue Cross Blue Shield of Louisiana, 97 0681 (La.App. 1 Cir. 4/8/98), 711 So.2d 788.
| (¡Owens asserts that Ms. Booth led Owens to believe that Makim was a valid corporation. Owens avers that it was not until 1995 when counsel requested the corporate records from the Secretary of State that Owens was aware that the corporation had done nothing further than making its initial filing in 1988. However, this evidence about the corporation was available and could have been ascertained prior to the hearing dated August 27, 1991 and the September 1991 judgment in Jefferson Parish. From the time of the original petition in October 1990 and the August 1991 hearing, Owens could have learned that Makim had only made an initial filing with the Secretary of State in 1988.
Furthermore, in its brief, Owens refers to the testimony of Owens’ counsel, Mr. Landry, who testified at the hearing in Orleans Civil District Court on July 17, 1995. In discussing the proceeding which took place in Jefferson, Mr. Landry stated:
We tried the case and in the course of that trial only one defense witness was called, and that was Kim Renfroe-Peneguy [Booth], who testified rather freely that she was not responsible but that the corporation .was responsible for this debt, but, you know, it was unfortunate that the company had no money, and didn’t really mind a judgment being ’ rendered against the corporation at that time.
During the Jefferson Parish hearing Owens was alerted to the fact that the corporation may not be accountable because “it had no money.”
Owens also claims that this is not a suit on an open account but is a suit on a contract to recover payment for the three transformers that were specially made to order. Owens maintains that the action on a contract is subject to a ten-year prescriptive period. Owens contends that there is no course of dealings between |7the parties that would subject this one transaction to being a suit on an open account.
However, Owens’ initial petition in Jefferson Parish filed on October 10, 1990, states:
IV.
In connection with the providing of these transformers, petitioner provided credit unto defendants on open account.
V.
The open account of defendant currently reflects a balance past due and owing in *1100 the amount of ... $12,900.00 ..., as is made more clear by reference to the attached invoices and statements of account which are incorporated herein by reference. [Emphasis added.]
In Plaintiffs Exhibit 5 in the Jefferson Parish suit, in the attorney’s demand letter dated February 19, 1990 to Kim Renfroe-Peneguy [Booth], the attorney states:
We have been retained by R.E. Owens & Associates to collect the amount owed on your open account with our client. The amount past due and owing at this time is $12,900.00. [Emphasis added.]
According to the transcript of the hearing dated August 27, 1991 in Jefferson Parish, Robin E. Owens, the President, CEO of R.E. Owens & Associates, Inc. was asked:
Q. Now, this purchase that’s discussed in this November 6th, 1989 letter is a second in a series of purchases made by Ms. Pene-guy [Booth]?
Robin Owens replied:
A. That’s correct. Prior to that, Makim purchased nine transformers from Ward, which were delivered and paid for by Mak-im Resources, and this is a second purchase implemented by that company.
ROn the face of the record in Jefferson Parish, Owens’ suit was an action on an open account. However, in its petition in the Orleans Civil District Court action, Owens characterized the suit as an action on a contract for various goods and consulting services. Owens alleged that the defendant Ms. Booth fraudulently contracted with Owens and fraudulently asserted that the corporation was a validly chartered Louisiana corporation to permit her to be dismissed from the prior Jefferson lawsuit and for the judgment to be taken against the corporation.
Both suits in Jefferson and Orleans Parish involved the same facts, the same transactions, the same amount in dispute, and the same parties. As previously noted, it is evident that any fraud in the makeup of the Makim corporation was discoverable prior to the hearing in Jefferson. Considering the circumstances, the parties intended that credit would be given on an open account. Owens’ suit in Orleans is also deemed a suit on an open account rather than an action on a contract. The three-year prescriptive period applies.
Owens asserts that the court of appeal can remand the case to the district court for additional evidence on a prescription exception. In some cases, the appellate courts have given the plaintiff the right to have a case remanded for a hearing on an exception of prescription filed for the first time on appeal. General Elec. Credit Corp. v. Bell, 499 So.2d 1029 (La.App. 3 Cir.1986); Louisiana Bank & Trust Co. v. Boutte, 286 So.2d 143 (La.App. 3 Cir.1973), appeal after remand 298 So.2d 884 (La.App. 3 Cir.1974), judgment affirmed 309 So.2d 274 (La.1975).
However, the record in the present case shows that this is an action on an open account which on its face, prescribed in three years from the date of the Jefferson Parish judgment before Owens filed its petition in Orleans Parish. On 19review of Owens’ claim that Ms. Booth concealed that Makim was a fraudulent corporation, this court finds that the doctrine of contra non valentem does not apply because any defect in the corporation was ascertainable prior to the Jefferson Parish judgment. As previously noted, Owens’ counsel Landry testified that Ms. Booth commented that it was unfortunate that the company had no money, and didn’t really mind a judgment being rendered against the corporation at that time. These comments on the part of Owens’ attorney show that Ms. Booth was open in her remarks rather than hiding the fact that the corporation was not capable of paying its debts. Prescription is evident from the face of the pleadings, and Owens did not bear its burden of showing the action has not prescribed. A remand is not necessary in this case.
Owens also maintains that Ms. Booth’s petition for nullity under La. C.C.P. art.2002 has prescribed because it was brought over one year after the Orleans Parish judgment. Owens rejects Ms. Booth’s claims that the suit is an absolute nullity under La. C.C.P. art.2004, which can be asserted at any time. It is unnecessary to review the relative and absolute nullity claims because Owens’ suit in Orleans Civil *1101 District Court previously prescribed. Under La. C.C. art. 3494 an action on an open account is subject to a liberative prescription of three years. Liberative prescription bars the remedy sought to be enforced and terminates the right of access to courts for the enforcement of the existing right. State in the Interest of Taylor, 637 So.2d 512 (La.App. 1 Cir.1993). Owens’ right of access to the courts previously was extinguished by prescription before Ms. Booth’s petition for nullity could have prescribed. Considering that Owens’ action has prescribed, a review of Ms. Booth’s other claims is precluded.
| ^Accordingly, the trial court’s judgment is reversed. Ms. Booth’s exception of prescription is maintained against Owens, and the action against Ms. Booth is dismissed.

REVERSED & RENDERED.

MURRAY, J., CONCURS IN THE RESULT.