WILLIAM H. BYRNES, III, Chief Judge.
The Medical Center of Louisiana at New Orleans, Charity Campus (“State”) filed a motion to dismiss the devolutive appeal filed by plaintiff, David Talley, in this medical malpractice action.

Motion to Dismiss Considered as Exception of Prescription

An exception of prescription must be presented in a formal, written manner; the exception presented only in argument either orally or by way of memorandum or brief is not sufficient. Alomang v. Freeport-McMoran, Inc., 97-1349 *629 (La.App. 4 Cir. 3/4/98), 718 So.2d 971, writ denied, 98-1352 (La.7/2/98), 724 So.2d 734. It is the substance rather than the caption of a pleading that determines its effect. Brown v. Harrel, 98-2931 (La.App. 4 Cir. 8/23/00), 774 So.2d 225, writ denied 2000-2665 (La.11/17/00), 774 So.2d 981.
La. C.C.P. art. 865 provides that every pleading shall be so construed as to do substantial justice. A pleading is classified by virtue of what it contends rather than what it is called. Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831 (La.App. 1 Cir.1977), application denied, 349 So.2d 1269 (La.1977). In that case, where the “Motion for Summary Judgment” stated all of the essential allegations for an exception of prescription and the relief sought was dismissal of the suit on that ^account, the First Circuit held that the motion should be characterized and considered as a peremptory exception of prescription.
In the present case, the State’s motion to dismiss is a separate, formal pleading that suffices to raise the exception of prescription. The pleading is adequate to put the plaintiff on notice of the State’s claim of prescription.

Second Claim of Prescription

In its motion to dismiss, the State contends that the plaintiffs action has prescribed because the plaintiff took no action to secure an attorney chairman within two years of filing his claim with the medical review panel. La.R.S. 40:1299.39.1(A)(2)(c) provides that the commissioner of administration shall dismiss a claim ninety days after giving notice to the plaintiff if no action has been taken to secure the appointment of the attorney chairman two years from the date the plaintiff filed a request for review of his medical malpractice claim.
The prescription claim presented in the State’s motion to dismiss the appeal is brought in addition to the prescription issue that was brought before the trial court and was appealed. The trial court maintained the State’s exception of prescription based on the finding that the plaintiffs claim was prescribed on its face under La. R.S. 9:5628 because the plaintiffs claim was not filed within a one year period from the date of the alleged offending act, omission or neglect.
The health care provider can assert a prescription exception in a court of competent jurisdiction and proper venue at any time without regard to whether the medical review panel process is complete. La. R.S. 5628; La. R.S. 40:1299.39.1(B)(2)(a); Dixon v. Louisiana State University Medical Center, 33,036 (La.App. 2 Cir. 1/26/00), 750 So.2d 408, writ denied, 2000-0627 (La.4/20/00), 760 So.2d 350.
In White v. West Carroll Hosp., 598 So.2d 1134 (La.App. 2 Cir.1992), The Second Circuit held that the plaintiffs were not entitled to supplement the record on appeal with transcripts or other filings that were neither in evidence or otherwise part of the record before the trial court. On granting writs in that case, the Louisiana Supreme Court also noted that receiving the record for a prior medical malpractice action into the record on appeal to determine whether the prior action interrupted the running of prescription on a subsequent action, would amount to the taking of evidence and would go beyond the scope of articles permitting correction of erroneous records of supplementation of deficient records on appeal. White v. West Carroll Hospital, Inc., 613 So.2d 150 (La.1992).
La. C.C.P. art. 2163 provides:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, *630 and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.
In Bibbins v. Boh Bros. Const. Co., 98-172 (La.App. 5 Cir. 7/28/98), 716 So.2d 467, remand was justified by the mover’s request for remand to the trial court for trial of the exception of prescription filed for the first time in the appellate court.
In Joseph v. Vanguard Ins. Co., 99-1475 (La.App. 3 Cir. 3/1/00), 758 So.2d 893, 895-896, the Third Circuit noted:
In Willett v. Premier Bank, 97-187, pp. 9-10 (La.App. 3 Cir. 6/4/97); 696 So.2d 196, 201, we stated:
Article 2163 clearly states that the plaintiff may demand a remand of the case for trial of the prescription exception. The Lplaintiff therefore had discretion to make such a demand. The article, however, is silent as to any mandate on the appellate court to remand the case upon the plaintiffs demand. We conclude that the article does not grant plaintiff an automatic right to remand upon his demand for such action. The appellate court has discretion to do so should the interests of justice require a full hearing.
This language is consistent with other decisions of this court permitting a remand for trial of an exception of prescription in the interests of justice. See Carmouche v. City of Marksville, 94-122 (La.App. 3 Cir. 10/5/94); 643 So.2d 392. However, other jurisdictions have concluded that an appellate court is without discretion in the matter of a remand and must do so upon the plaintiffs request. See Blanchard v. Southern Pac. Transp. Co., 93-1155 (La.App. 1 Cir. 4/8/94); 635 So.2d 742.
In McKeithen v. LeBlanc, 491 So.2d 807, 808 (La.App. 3 Cir.1986), we concluded that justice would be best served by a remand, where “[t]he question of prescription has never been tried, evidence concerning possible interruption of prescription has never been presented, and the issue of prescription turns out to be the only real controversy in the case.” Finding that these considerations are present in this ease, we hereby grant Jesse’s Motion to Remand.
In the present case, in its motion to dismiss the appeal, the State attached a copy of the June 26, 2000 letter to the office of the commissioner of administration from the plaintiff. A copy of this letter was attached as Exhibit 1 to the State’s original exception of prescription, order to show cause, and supporting memorandum that was filed in the trial court on December 17, 2001, and is part of the record on appeal.
However, in its motion to dismiss the appeal on the second additional issue of prescription, the State attached another letter dated June 28, 2002 from the office of the commissioner of administration to the plaintiff. This letter was not before the trial court, is not part of the record, and cannot be reviewed on appeal.
laThe evidence in the record is insufficient to rule on the State’s claim. The plaintiff requests that this court deny the State’s motion to dismiss but preserve the State’s right to make a similar motion in the trial court if the case is remanded after the appellate opinion is rendered.
If this Court affirms the trial court’s dismissal of the plaintiffs claim based on prescription, the State’s second claim of prescription will be moot.
Accordingly, the State’s motion to dismiss, based on an additional claim of pre *631 scription, is not considered. The State has the right to bring its second exception of prescription in the district court if the case is remanded after consideration of the plaintiffs appeal.

MOTION TO DISMISS DENIED.