| ¡.CARTER, C.J.
Clotiel R. Nelson slipped and fell in a Rite Aid store in Baton Rouge on November 29, 2000. She filed suit against Rite Aid Corporation (defendant) on January 9, 2002.[2] On February 26, 2002, a default judgment was rendered against defendant in the sum of $106,939.81.
The trial court denied defendant’s motion for new trial. Defendant appeals, alleging the trial court erred in confirming the default judgment and in denying its motion for new trial. In support of its motion for new trial, defendant argued that plaintiff failed to present a prima facie case that she was entitled to recovery because her claim was prescribed on the face of the petition, and she submitted insufficient evidence at the confirmation hearing to prove defendant tacitly acknowledged the debt. Defendant reurges the same argument on appeal.
The trial court correctly rejected this argument in denying the motion for new trial, and we likewise reject it. The court cannot supply the objection of prescription, which must be specially pleaded, even if it appears to the court that the claim has prescribed. LSA-C.C.P. art. 927 B; Perry v. City of Bogalusa, 2000-2281, pp. 3-4 (La.App. 1st Cir.12/28/01), 804 So.2d 895, 898. Defendant failed to timely answer this lawsuit and thus did not properly plead the exception raising the objection of prescription at the trial court level. Plaintiff certainly had no obligation to prove, as part of her prima facie case, a defense to an exception that had not been pleaded.
 The exception raising the objection of prescription can be pleaded at the appellate level before the case is submitted for decision. Louisiana Code of Civil Procedure article 2163 specifically provides that the appellate court may consider the peremptory exception filed for the first time on appeal. The appellant in this case has timely filed the plea of prescription in our court. We may consider the exception of prescription even when the defendant raises no defenses in the trial court. See, e.g., Lewis Roy Motors, Inc. v. Pontier, 204 So.2d 423, 424 (La.App. 3 Cir.1967).
lalf prescription is pleaded for the first time in this court, the case may be remanded to the trial court for trial on the exception. LSA-C.C.P. article 2163. Although there is some testimony in the record regarding plaintiffs allegations of “lulling” by defendant’s representative, we feel the interest of justice would best be served by remanding this case to the trial court to take evidence on this issue.
ORDER AND INSTRUCTIONS
This matter is hereby remanded to the trial court for an evidentiary hearing on defendant’s exception raising the objection of prescription within 45 days of the date of this order. The record on appeal shall then be supplemented with the evidence taken at that trial within 15 days after conclusion of the hearing. This appeal is stayed for 60 days from the date of this order or until the record is supplemented, whichever is sooner. The matter shall then be resubmitted for decision by this court on the exception. Assessment of *18 costs is deferred pending a final decision in this matter.
REMANDED WITH ORDER AND INSTRUCTIONS.

. Plaintiff erroneously referred to defendant as Rite Aid Hdqtrs. Corporation in the petition. Plaintiff also sued Pamela Jackson, a Rite Aid employee, but was unable to serve her.