I,GASKINS, J.
In this survival and wrongful death ease, the plaintiffs, Betty Greer, Roger Greer, and Michael Greer, appeal a judgment rendered by the trial court in favor of the defendant, Dr. Thomas R. Johnson, sustaining his peremptory exception of prescription. For the following reasons, we reverse and remand.
FACTS
On or about January 28, 2000, Gerald Greer was admitted to Glenwood Regional Medical Center in West Monroe, Louisiana, for therapy treatments intended to achieve a remission of his leukemia. Approximately four days later, on February 1, 2000, Gerald Greer died while in the course of receiving the cancer therapy treatments. Mr. Greer was survived by the plaintiffs in the present action, Betty Greer, his wife, and Roger and Michael Greer, his children.
On or about February 1, 2001, the plaintiffs filed a complaint against Glenwood Regional Medical Center with the Patient’s Compensation Fund (PCF) alleging that it had breached the acceptable standard of medical care in treating Mr. Greer and that this breach was the cause of his death. In particular, the complaint stated that a Glenwood nurse administered three shots through his I.V. and that he collapsed immediately thereafter while being helped to the restroom by his granddaughter. No other defendants were named in the plaintiffs’ complaint.
On May 15, 2001, the plaintiffs supplemented their complaint to the PCF and named Dr. Thomas Johnson as an additional defendant. The complaint alleged that, as the physician administering the cancer therapy ^treatments, Dr. Johnson failed to order appropriate monitoring of the patient for negative reaction to the cancer therapy, failed to recognize symptoms indicating a negative reaction, failed to take the appropriate measures to treat the reaction and failed to place him in intensive care. Subsequently, the plaintiffs discovered that Dr. Johnson was not covered under the PCF and as such their *900 claims against him were not subject to the procedural requirements of the Louisiana Medical Malpractice Act. Accordingly, on September 18, 2002, the plaintiffs filed a petition against Dr. Johnson in district court making the same basic allegations as were made in their supplemental complaint filed with the PCF.
On October 17, 2002, Dr. Johnson filed a peremptory exception of prescription and sought dismissal of the plaintiffs’ claims. Dr. Johnson alleged that the claims were prescribed on the face of the petition since it was filed more than two years after the death of the decedent. The plaintiffs opposed the exception on the basis that the timely filing of their claim against Glen-wood, coupled with the allegation in their petition that Dr. Johnson was solidarily liable with the Glenwood, served to suspend the running of prescription on their claim against him. The exception was taken up and granted at a hearing on December 19, 2002, with the plaintiffs waiving their appearance therein. (Since the proceedings were not recorded by a court reporter, the record does not contain a transcript of this hearing.) On January 29, 2008, the trial court signed a judgment granting the exception of prescription and dismissing the plaintiffs’ claims. The instant appeal followed.
I .¿DISCUSSION
The question presented here is whether prescription as to Dr. Johnson was suspended by the plaintiffs’ filing of a request for review of their claim against Glenwood. The plaintiffs filed wrongful death and survival claims.[1]
Suspension is alleged to have occurred under La. R.S. 40:1299.47(A)(2)(a) of the Louisiana Medical Malpractice Act, which provides in pertinent part:
The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.
This principle is also recognized in La. R.S. 40:1299.41(G) which provides:
Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended in accordance with the provisions of R.S. 40:1299.47(A)(2)(a).
In general, the burden of proving that a suit has prescribed rests with the party pleading prescription. Wilkes v. Carroll, 30,066 (La.App.2d Cir.12/10/97), 704 So.2d 938. In those instances, however, when the petition shows on its face that the prescriptive period has expired, the burden shifts |4to the plaintiff to demonstrate suspension or interruption of the prescriptive period. Lima v. Schmidt, 595 So.2d 624 (La.1992).
Dr. Johnson argues that the burden of defeating the exception rested with the plaintiffs because the petition was filed *901 more than two years from the date of Mr. Greer’s death and the dates of alleged acts of medical malpractice, making it prescribed on its face. The plaintiffs argue that the burden remained with Dr. Johnson because the petition clearly alleged facts invoking the suspension of prescription under La. R.S. 40:1299.47(A)(2)(a).
In resolving this question, we must first examine the contents of the plaintiffs’ pleadings. While it is clear that the death of Mr. Greer and the conduct which allegedly caused it occurred more than a year before the plaintiffs filed their petition, the crux of whether the petition is prescribed on its face rests on the language in the following allegation made in the petition:
The same allegations as alleged herein are presently pending against Glenwood Regional Medical Center pursuant to LSA-R.S. 40:1299.41, with whom the present defendant is alleged to be liable in solido, under Section 41(G) of the Louisiana Medical Malpractice Act.
Dr. Johnson argues that despite the petition language quoted above, the plaintiffs failed to make any specific allegations which would support a conclusion that Dr. Johnson is solidarity and/or jointly liable with Glenwood. We disagree. For prescription to be interrupted, Dr. Johnson must be solidarily or jointly liable with Glenwood. The petition specifically alleges that Dr. Johnson breached the standard of care by failing to recognize symptoms indicating a negative reaction and failing to take the | ^appropriate measures to treat the reaction. The petition makes the same allegations by reference against Glenwood. A joint tort-feasor is one whose conduct (whether intentional or negligent) combines with the conduct of another so as to cause injury to a third party. Therefore, the petition clearly makes a prima facie showing that Dr. Johnson and Glenwood were joint tort-feasors in bringing about the damages suffered by the plaintiffs.
The Medical Malpractice Act clearly provides that the timely filing of a request for review suspends the running of prescription against all those who are joint and solidary obligors and joint tort-feasors with the timely sued party, whether or not they are health care providers and whether or not they are qualified under the PCF. La. R.S. 40:1299.47(A)(2)(a). Neither party disputes that a timely request for a medical review panel was made against Glenwood. Accordingly, to the extent that the record before us indicates that the plaintiffs made a timely request for review of a claim against Glenwood, an alleged joint tort-feasor of Dr. Johnson’s, that request served to interrupt prescription against Dr. Johnson. Therefore, we find that the burden of proof at the trial of the peremptory exception of prescription rested with Dr. Johnson.
Since the petition made a prima facie case that prescription was interrupted by the timely filing against Glenwood, the burden then rests on Dr. Johnson to prove otherwise. The record indicates that Dr. Johnson presented no evidence to show either that the request for medical review against Glenwood was not filed timely, or that the parties were not joint tort-feasors, we must conclude that Dr. Johnson failed to meet his burden of [ (¡showing that the running of prescription was not suspended by the request for a medical review against Glenwood. Accordingly, we find that the trial court erred in granting Dr. Johnson’s exception of prescription.
Dr. Johnson’s reliance on the cases of St. Romain v. Luker, 2000-1366 (La.App. 1st Cir.11/9/01), 804 So.2d 85, writ denied, 2002-0336 (La.4/19/02), 813 So.2d 1083, and Hernandez v. Chalmette Medical Center, 2001-0074 (La.App. 4th Cir.8/21/02), 826 So.2d 641, writ denied, 2002-2364 *902 (La.11/22/02), 829 So.2d 1054, is misplaced. In St. Remain, supra, the appellate court found no error in the trial court’s granting of the exception of prescription because the plaintiffs’ petition in the district court failed to allege any liability on the part of the hospital against whom they had filed a timely medical review claim, and whom they argued on appeal was solidarity liable with the named defendant. Since the medical review panel had already concluded that the hospital was not negligent and no proof was presented to the contrary at the trial of the exception, the appellate court found that the defendant doctor could not be jointly or solidarity hable with someone absent allegations and/or proof. In the present case, the allegation of joint liability has been made at the district court level, and that allegation remains viable until a conclusion is reached to the contrary.
In Hernandez, supra, three doctors and the PCF were named as defendants in a medical malpractice lawsuit filed more than one year after the conduct complained of in the petition. Only one of the doctors had been named in a timely complaint of medical malpractice filed with the PCF 17before institution of the suit. After a full trial on the merits, that doctor was found not to be negligent while the other two doctors were found to be 100 percent at fault. The two negligent doctors then filed a post-trial exception of prescription on the basis of the exonerated doctor’s lack of solidary liability. The appellate court found that the exoneration of the timely sued doctor provided the two untimely sued and negligent doctors with grounds for asserting prescription. The case was remanded to the trial court for a full hearing on the exception of prescription. Any suggestion, however, that the Hernandez court’s reasoning is applicable in the present case is premature. Glen-wood has not been exonerated and, thus, no basis exists for concluding that its lack of joint liability with Dr. Johnson failed to suspend prescription on plaintiffs’ claims against him. The impact of the trial court’s exoneration of Glenwood, should such exoneration come to pass, is not presently an issue before this Court, and we decline to speculate on same.
CONCLUSION
For the reasons assigned above, we reverse the judgment of the trial court granting Dr. Johnson’s exception of prescription; we remand this matter to the trial court for further proceedings consistent with this opinion. Costs of the appeal are assessed to Dr. Johnson.
REVERSED AND REMANDED.

. In Taylor v. Giddens, 618 So.2d 834 (La.1993), the Louisiana Supreme Court concluded that a survival action in a medical malpractice' case is governed by the one and three year prescriptive periods contained in La. R.S. 9:5628(A). The prescriptive period of a wrongful death action is governed by La. C.C. art. 3492 which provides for a one year prescriptive period from the date of the decedent’s death. However, this distinction between the prescriptive periods for wrongful death and survival actions has no impact on the instant case.